Felipe VALERIO, Jr., Appellant,

v.

Daniel TOBIN, Jr., et al., Appellees.

No. 13184.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 30, 1957.

Rehearing Denied Feb. 20, 1957.

Gerald Weatherly, Laredo, Raeburn Norris, Alice, for appellant.

Sam H. Burris, Dist. Atty., Alice, Sidney P. Chandler, Austin, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted in the District Court of Duval County by Felipe Valerio, Jr., against Daniel Tobin, Jr., Thomas H.

Molina, Juan Leal, Jose D. Ramos and Iva Lee Bairrington, joined pro forma by her husband, O. D. Bairrington. All of the defendants were sued in their individual and official capacities. Daniel Tobin's official capacity was that of County Judge of Duval County, and the official capacity of each of the other defendants, except O. D. Bairrington, was that of County Commissioner of Duval County.

Plaintiff's petition further shows that at the General Election in 1954, one Anacleto Valerio was duly elected as County Commissioner of Precinct No. 4 of Duval County, and thereafter qualified and performed the duties of that office. In March, 1956, a removal suit was instituted against Anacleto Valerio in the District Court of Duval County, and the judge of that court entered an order removing Anacleto Valerio as County Commissioner of Precinct No. 4 and temporarily appointing one Jose D. Ramos as acting County Commissioner of said Precinct No. 4.

On October 5, 1956, Anacleto Valerio attempted to resign as Commissioner of Precinct No. 4 by mailing to each member of the Commissioners' Court a resignation, duly signed by him, in the following words: "I hereby tender my resignation as County Commissioner, Precinct No. 4, Duval County, Texas, to be effective this date, October 5, 1956." It is alleged that Anacleto Valerio vacated his office as Commissioner of Precinct No. 4 on the same date, by "accepting and acting in the office of Deputy County Clerk of Duval County, Texas, then and now a civil office of emolument."

Appellant contends that he was a candidate for the office of Commissioner of Precinct No. 4, in the General Election on November 6, 1956, and received 81 write-in votes for the office, and that no one else received any votes for such office.

It is further alleged that the Commissioners' Court met as the canvassing board of Duval County and refused to canvass the election returns as to the office of County Commissioner of Precinct No. 4, and refused to declare appellant elected to such office, and Daniel Tobin, Jr., as County Judge, refused to issue him a certificate of election.

Appellant instituted this suit to recover from Jose M. Ramos the title to said office and its emoluments, and prayed for a temporary injunction, and thereafter a permanent injunction, or, in the alternative, a writ of madamus, commanding the defendants, in effect, to declare him elected as County Commissioner of said Precinct No. 4, and to install him as such, and to not interfere with him in exercising the duties of such office, and that Ramos be ordered to surrender the office to appellant.

Appellant's petition was presented to the District Judge on the same day the suit was filed, November 21, 1956, and on that date the District Judge made his fiat on the petition, setting the application for a temporary injunction and mandamus down for hearing at 10 o'clock a. m., on November 30, 1956, in the District Courtroom of Duval County, and ordered notices issued to the appellees.

On November 27, 1956, appellees filed an unverified motion to dismiss the cause for various reasons set forth therein, followed by a general denial.

On December 14, 1956, the trial court signed and entered an order dismissing the suit. The only recital in this order is as follows:

"On This, the 30th day of November, A.D. 1956, came on to be considered the motion of the defendants, Daniel Tobin, Jr., et al., to dismiss this suit, and after hearing the argument of counsel and having had submitted to me written briefs on the law of the case, and after due consideration of same, it is the opinion of the Court that the motion to dismiss this suit should be in all things sustained."

This recital, of course, was followed by an order dismissing the suit.

██ The record does not disclose whether the parties appeared and, if so, what kind of a hearing they appeared for, but, under all the facts, we may presume that they appeared for a hearing upon the application for a temporary injunction. We may likewise presume that citations had not been duly served upon the defendants and that the case had not been regularly set for a hearing upon the merits, as only nine days had elapsed after the suit was filed. While the order does disclose that the motion to dismiss came on to be heard and argument of counsel was heard, and that written briefs on the law of the case were submitted, it does not disclose what counsel was heard or who furnished the written briefs. As above stated, we must conclude that if appellant and his counsel did appear on November 30, 1956, it was for a hearing upon the application for a temporary injunction.

The law is well settled that upon a hearing of an application for a temporary injunction the merits of the cause are not reached, and the judge should only consider the advisability of granting the temporary injunction.

What was said by Justice Walker in the very recent case of Houston Belt & T. Ry. Co. v. Texas & New Orleans R. Co., Tex., 289 S.W.2d 217, 219, is applicable here. We quote:

"This appeal is predicated upon the action of the trial court in entering judgment on the merits at the conclusion of the hearing on the temporary injunction. The only question before the court at a hearing on an application for a temporary injunction is the right of the applicant to the preservation of the status quo of the subject matter of the suit pending a trial on the merits, and the court is not authorized to enter judgment on the merits at such a hearing. James v. E. Weinstein & Sons, Tex.Com.App., 12 S.W.2d 959; Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d

549. The reasons for this rule are apparent. The defendant usually has not had time to prepare the case for trial on the merits by the time of the hearing, which generally is held soon after the suit is filed. Even if the defendant is in position to go to trial on the merits, the failure to present all of his evidence and legal contentions at the hearing does not prejudice his right to do so at the trial. Since the parties are not entitled to a jury at the show cause hearing, the granting of a judgment on the merits at that time would deprive the losing party of the right to elect to have a jury trial on any contested issues of fact.

"Respondent points out that when the trial court offered to reopen the case, petitioners did not request additional time to prepare and present their defenses. It would be idle to speculate whether such a request would have been granted, because we think petitioners were not under a duty to ask for more time. They had prepared for and participated in a hearing on a temporary injunction, and were entitled to reasonable notice before being put to trial on the merits. After announcing judgment on the merits in favor of respondent, the court simply inquired whether petitioners had any evidence on the merits which they would like to put in the record. We regard this as an invitation to complete the trial at that time. If petitioners had proceeded to trial, they would have lost the right to demand a jury as well as the benefit of any issue of fact or contention of law which they were not in position to raise at that time. See Huffman v. Alexander, Tex.Civ.App., 276 S.W. 959 (no writ); Perry v. Jaggers, Tex.Civ. App., 9 S.W.2d 143 (writ dism.). They chose to stand on their right to insist that the case had not been set or tried on the merits, and that they should be given reasonable notice before being

forced to trial. This they were entitled to do.

"Respondent relies on the harmless error rule. Petitioners did not establish, either at the conclusion of the August 17th hearing or at the hearing on the motion for new trial, that they were not ready on August 17th for a hearing on the merits, that they needed more time to prepare their case, or that they would have additional evidence or legal contentions to present at a trial on the merits. Respondent argues that the trial court had jurisdiction of the parties and the subject matter of the suit, that the case was fully developed, and that the judgment of the trial court should not be reversed when the record does not disclose that a new trial will probably result in a different judgment.

"If the judgment had been entered after a trial on the merits, respondent's position would clearly be sound. But there has been no trial on the merits. The application for a temporary injunction was the only matter set for hearing on August 17th. All parties announced ready and participated in the hearing on that basis. When it developed that the trial court regarded the hearing as a trial on the merits, petitioners immediately protested and refused to proceed. Under these circumstances, and even though service of citation was complete and an answer was on file, the trial court was without authority to convert the hearing into a trial on the merits.

"The court clearly erred in entering judgment on the merits at the conclusion of the hearing on the temporary injunction. Such error not only probably caused, but unquestionably caused, the rendition of an improper judgment, because the court was only authorized to enter an order maintaining the status quo of the subject matter of the suit pending a proper trial on the merits.

"Respondent also contends that the case was fully developed, that the evidence pertaining to each fact issue is undisputed and indisputable, that the contract is subject to only one interpretation, and that the same result will necessarily be reached in the event of a trial on the merits. It is well settled, however, that the rights of the parties on the merits will not be measured and determined by the appellate court on the basis of the evidence introduced at a preliminary hearing. Transport Co. of Texas v. Robertson Transports, supra."

In the above case Justice Walker was discussing the rights of the defendant, but we see no reason why the same rules would not apply to the rights of the plaintiff.

■ It is quite apparent that the trial court should not have passed upon the motion to dismiss the suit at a hearing upon an application for a temporary injunction. It is even improper to pass upon special exceptions at such a hearing. Lane v. Jones, Tex.Civ.App., 167 S.W. 177; Mosel v. San Antonio & A. P. Ry. Co., Tex.Civ. App., 177 S.W. 1048.

The parties could agree to a setting upon the merits of the case even before the defendants were served with citation, but there is absolutely nothing in this record indicating that the hearing on November 30, 1956, was for any other purpose than a hearing on an application for a temporary injunction.

■ Appellant further contends that he was entitled to a temporary injunction because his petition was verified and appellees' answer consisted only of a motion to dismiss and a general denial, and was unverified. We overrule this contention. While the motion to dismiss the entire cause could not properly be passed upon

at a hearing for the issuance of a temporary injunction, it could be considered by the court as pointing out deficiencies in the petition, which would justify the court in refusing to grant the temporary injunction. 24–A Tex.Jur. 227, § 136.

The trial court erred in dismissing the suit at a preliminary hearing upon an application for a temporary injunction.

Accordingly, the judgment of dismissal is reversed and the cause remanded.