**SHOPPERS FAIR OF NORTH HOUSTON, INC., et al., Appellants,**

**v.**

**CITY OF HOUSTON et al., Appellees.**

**No. 4071.**

Court of Civil Appeals of Texas.

Eastland.

July 22, 1966.

Rehearing Denied Aug. 26, 1966.

Jay S. Fichtner, Dallas, for appellants.

Homer T. Bouldin, Richard B. Miller, William A. Olson, City Atty., Baker, Botts, Shepherd & Coates, Houston, for appellees.

GRISSOM, Chief Justice.

Shoppers Fair of North Houston, Inc. and Shoppers Fair of Texas, Inc., sued the City of Houston and others. They sought a temporary injunction pending a hearing on the merits. A temporary injunction was refused and plaintiffs have appealed. Plaintiffs alleged they operated two stores in Houston and, in accordance with Article 286a of the Vernon's Ann. Penal Code of Texas, as interpreted by our Supreme Court in State v. Shoppers World, Inc., 380 S.W.2d 107, they had, since July 1964, been open for business on consecutive Saturdays and Sundays as an accommodation to purchasers who wished to make emergency purchases within the meaning of Section 4a of said statute; that they proposed to continue remaining open for business on consecutive Saturdays and Sundays and to operate their businesses on said days by requiring purchasers to sign such certificates of emergency, but that the City had enacted an ordinance making it unlawful for a purchaser to fraudulently make such a certificate, or to knowingly execute such a certificate, when no emergency existed. Said ordinance is as follows:

"It shall hereafter be unlawful for any person, firm, partnership, corporation or association to fraudulently make any representation or certification in writing or otherwise for the purpose of inducing a merchant, store, vendor, or any person who sells or offers to sell those items enumerated in Article 286a, Section 1, Texas Penal Code to sell or offer to sell such items in violation of said Article 286a, Section 1 of Texas Penal Code or for any such person, firm, partnership, corporation or association to knowingly execute or make any certificate in writing as provided for in Article 286a, Section 4a, Texas Penal Code when no emergency for the welfare, health or safety of human or animal life exists."

Plaintiffs alleged said ordinance was void on its face and, unless defendants were enjoined from enforcing it, plaintiffs would suffer material property damage for which they had no adequate remedy at law, and that the mere threat of its enforcement would adversely affect plaintiffs' property rights and cause them to suffer damages for which they had no adequate remedy at law. They alleged the ordinance was void because it was so vague and indefinite that it violated Article 1, Section 10 of the Constitution of Texas, Vernon's Ann.St., which guarantees an accused the right to "demand the nature and cause of the accusation against him", and violated Amendments 1, 4, 6 and 14 to the Constitution of the United States; that the ordinance contained no definition of "emergency" and no objective test and that the field in which the ordinance legislates has been preempted by the State and the ordinance is in conflict with Article 286a of the Penal Code as interpreted in State v. Shoppers World, supra.

Appellants points are that the court erred in denying them a temporary injunction against enforcement of said ordinance because (1), on its face, it is so ambiguous and of such doubtful construction that tests of enforcement are subjective rather than objective, thereby violating the guarantee of due process of law by the Texas and United States Constitutions; (2) because the uncontroverted evidence showed enforcement would cause injury to appellants' property rights and (3) because appellants had no adequate remedy at law for injuries to their vested property rights which enforcement would cause.

Appellants say an injunction may be granted by a civil court to prevent enforcement of an unconstitutional ordinance when its enforcement will result in irreparable injury to plaintiffs' property rights and that, as held in Dibrell v. City of Coleman, Tex. Civ.App., 172 S.W. 550, (writ ref.) and State v. Ferguson, 133 Tex. 60, 125 S.W.2d

272, appellants must show that the ordinance is illegal and that its enforcement will cause irreparable injury to appellants' property rights, but that they have established those requisites. They say the chief vice in the ordinance is that it contains language which has been held by the Supreme Court to be so ambiguous and vague that men of common intelligence must guess at its meaning and differ as to its application, and that it thereby violates the requirement of due process of law guaranteed by both constitutions. They point out that Article 286a, Penal Code, provides that it shall not apply when a purchaser certifies in writing that the merchandise is needed as an emergency, while the ordinance makes it an offense for a purchaser to knowingly execute such a certificate when no emergency exists. They say that, as held in the Shoppers World case, whether a purchase is made for an emergency and whether the thing purchased is needed to protect health, welfare or safety are questions which have no guide in the ordinance by which they may be answered and, as shown by said case and by the testimony here, only the purchaser can say whether an emergency exists.

Article 1, Section 10, of the Texas Constitution provides that in all criminal prosecutions the accused shall have the right to demand the nature and cause of the accusation against him. In Griffin v. State, 86 Tex.Cr.R. 498, 218 S.W. 494, the Court of Criminal Appeals struck down a statute which violated that article. It held that to constitute a crime the statute must be such that a party is able to know in advance whether his act will be criminal or not and that criminality cannot depend on what a jury may think is reasonable; that there must be definiteness and certainty and whether the fraudulent execution of a certificate is a crime depends upon whether a jury thinks that at the time the purchaser signed the certificate an emergency existed. Appellants conclude that, since the Supreme Court has held that the language in Section 4a, Article 286a, is void for in-

definiteness and the ordinance refers to it and incorporates its material language, it follows that the ordinance violates Section 10, Article 1 of the Texas Constitution and the United States Constitution.

Appellants say they have established that enforcement of the ordinance will result in injury to appellants' property rights by creating such a threat to the buying public as will discourage it from patronizing appellants on Sunday and thereby adversely affect their vested property rights, for which they have no adequate remedy at law. In support thereof they cite City of Houston v. James K. Dobbs Company, 5 Cir., 232 F.2d 428. There, a federal court granted an injunction. The judgment was affirmed. The court found the ordinance was unconstitutional and that plaintiff's vested property rights would suffer irreparable injury if an injunction were not granted, since customers could not buy food from the Dobbs Company. They also cite City of Austin v. Austin City Cemetery Association, 87 Tex. 330, 28 S.W. 528, where it was held that enforcement of a city ordinance would prevent purchasers from buying cemetery lots offered for sale by the plaintiff, thereby showing an injury to plaintiff's vested property rights.

■ Appellees contend that their pleas to the jurisdiction were good and should have been sustained. Appellees say the ordinance is penal and courts of equity will not enjoin enforcement of a criminal ordinance, unless (1) it is unconstitutional and void and (2) its enforcement will violate vested property rights and cause irreparable injury thereto. We think this is an accurate statement of the law. State v. Logue, (Sup.Ct.), 376 S.W.2d 567, 572; Crouch v. Craik (Sup.Ct.), 369 S.W.2d 311, 315; Ex Parte Sterling, 122 Tex. 108, 53 S.W.2d 294, 295.

■ Appellees say that, although the ordinance is not unconstitutional or void, determination of its constitutionality is for the trial court in a trial on the merits and cannot be determined upon a hearing of a

petition for a temporary injunction. We sustain this contention. Appellees cite Houston Belt and Terminal Railway Company v. Texas and New Orleans Railroad Company (Sup.Ct.), 155 Tex. 407, 289 S.W. 2d 217, 219; City of Austin v. Austin City Cemetery Association, 87 Tex. 330, 28 S.W. 528, 531; City of Houston v. Adams, Tex. Civ.App., 326 S.W.2d 627, 632 (Ref. NRE); Malone v. City of Houston, Tex. Civ.App., 278 S.W.2d 204, 206; Valerio v. Tobin, Tex.Civ.App., 298 S.W.2d 873, 875, (Ref. NRE) and 39 Tex.Jur.2d, page 622. Our Supreme Court so held in the first cited case.

■ Appellees stress the fact that the ordinance does not prohibit appellants from remaining open and selling on Sunday. It is directed against the purchaser only. Appellants cannot be convicted for violating the ordinance because it affects only purchasers who make a false certificate. Appellants have no reason to fear prosecution thereunder; appellants' vested property rights will not be violated by its enforcement and the court should not have granted a temporary injunction based upon the presumption that appellants' Sunday customers would make false certificates in order to purchase appellants' merchandise. The presumption is that they will obey the law. Appellants have no vested property right in prospective purchasers' opportunity to make a false certificate.

Appellees contend that because the ordinance applies only to purchasers, appellants have no justiciable interest in prohibiting enforcement of the ordinance. They cite Genard v. City of San Antonio, Tex.Civ. App., 307 S.W.2d 592, (Ref. NRE); Hill v. Carr, Tex.Civ.App., 307 S.W.2d 828 and Fisher v. City of Bartlett, Tex.Civ.App., 76 S.W.2d 535, (Writ Dis.). These cases are not directly in point but we believe this contention is good, provided the ordinance is distinguishable from the one denounced in City of Houston v. James K. Dobbs Company, 5 Cir., 232 F.2d 428. We think it is. There the ordinance made punishable both the sale and purchase. It prohibited the buying or selling of food at the city's airport, except from the city's concessionaire. Constitutionality of the ordinance was challenged because plaintiff could not reasonably expect customers to run the risk of arrest for the purpose of testing it. The distinction between the facts there and here is clearly shown by the fact that such ordinance prohibited both the sale and purchase of food at the municipal airport from any person other than the franchised concessionaire. A "permanent" injunction against its enforcement was granted after a hearing. It was held that the city could not impose restrictions not reasonably related to exercise of its powers to the hurt of proper, normal business activity and, although the city might operate its proprietary activities as it desired and might prohibit deliveries on the airport's grounds, an ordinance which prohibited anyone other than the franchised concessionaire from selling food to airlines operating from the municipal airport deprived the seller of due process of law. That court said, however, that civil courts will not enjoin enforcement of criminal ordinances except under unusual circumstances and upon a clear showing that an injunction is required to protect constitutional rights. The Supreme Court in Ex Parte Sterling, 122 Tex. 108, 53 S.W.2d 294, held that the general rule was that courts of equity dealt only with vested property rights and they would not ordinarily stay prosecution of criminal proceedings, but that an exception existed when a statute was unconstitutional and its enforcement involved a direct invasion of property rights and would cause irreparable injury thereto. The decision in City of Houston v. Dobbs Company, 5 Cir., 232 F.2d 428, is not believed to be controlling here. It was not conclusively established here that enforcement of the ordinance would materially affect appellants' vested property rights and cause irreparable injury thereto. There is no presumption that customers would violate said ordinance. If fact issues were raised they were, presumably, decided in support of the judgment.

We think the established rule stated by our Supreme Court in Janus Films, Inc. v. City of Fort Worth, Tex., 358 S.W.2d 589, is applicable here and requires affirmance of the judgment. The Supreme Court there said:

"In suits for temporary injunctions, the trial judge is endowed with broad discretion to grant or deny the injunction. Railroad Commission v. Shell Oil Co., 146 Tex. 286, 206 S.W.2d 235. Accordingly, the scope of appellate review in such cases is limited to the narrow question of whether the action of the trial judge in granting or denying the temporary injunction constitutes a clear abuse of discretion. Texas Foundaries v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460."

That rule is also stated in slightly different language by our Supreme Court in Texas Foundaries v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460, 463, and Transport Company of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549, 552. We conclude that a clear abuse of discretion is not shown.

Appellants' points are overruled. The judgment is affirmed.