**CITY OF HOUSTON, Appellant,**

**v.**

**HOUSTON INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 179.

Court of Civil Appeals of Texas.
Houston (14th Dist.).
Dec. 18, 1968.

Rehearing Denied Jan. 22, 1969.

William A. Olson, Homer T. Bouldin, Houston, for appellant.

Joe H. Reynolds, John R. Cochran, Jr., Reynolds, White, Allen & Cook, Houston, for appellee.

SAM D. JOHNSON, Justice.

The Houston Independent School District, appellee, brought this action for a temporary injunction against the City of Houston, appellant. The purpose of the temporary injunction was to restrain the City from enforcing its newly enacted ordinance which amended its Building Code against the School District.

In addition to its prayer for a temporary injunction, the School District prayed that the temporary injunction be made permanent, that the court declare the ordinance unconstitutional, or, in the alternative, that the State has preempted the field now sought by the subject ordinance to be applied to the appellee, and that the City refund the School District the funds previously paid to comply with subject ordinance. The appellant City filed its original answer, including Plea to Lack of Jurisdiction, General Denial, Special Denials and Special Answer. The temporary injunction prayed for against the City of

Houston was granted to the School District by the trial court.

The Building Code, which was amended by the subject ordinance on October 4, 1967, provided for the inspection and supervision of the construction, maintenance and repair of buildings within the corporate limits of the City of Houston. It provided for the payment of various fees for such inspection and supervision and set forth penalties for non-compliance by fines of not more than $200.00[1]. The ordinance provides, however, that the City of Houston, any county governments, the State of Texas and the United States Government were to be exempted from the payment of the fees that were set forth in the City's Building Code[2].

The City appeals from the order granting the temporary injunction.

■ The City contends that the ordinance in issue is a penal ordinance and the trial court erred in overruling its Plea to Lack of Jurisdiction. The School District responds that the trial court's order overruling the Plea to the Lack of Jurisdiction and Plea in Abatement can only be presumed to have been presented and overruled in that the record does not reflect an order to that effect, and that such pleas are interlocutory and an appeal therefrom is not permitted.

We are of the opinion that this contention has been heretofore resolved in favor

1. Sec. 205. Violations and Penalties. It shall be unlawful for any person, firm, or corporation to erect, construct, enlarge, alter, repair, move, improve, remove, convert or demolish, equip, use, occupy, or maintain any building or structure in the city, or cause the same to be done, contrary to or in violation of any of the provisions of this Code.
Any person, firm, or corporation violating any of the provisions of this Code shall be deemed guilty of a misdemeanor, and each such person shall be deemed guilty of a separate offense for each and every day or portion thereof during which any violation of any of the provisions of this Code is committed, continued, or per-

mitted, and upon conviction of any such violation such person shall be punishable by a fine of not more than Two Hundred Dollars ($200.00).

2. Section 5910(a) The City of Houston, any county governments situated within the corporate limits of the City of Houston, the State of Texas, and the United States Government are hereby exempted from the payment of the permit fees herein required, provided, that only such construction as is owned, operated and maintained by said governmental agencies shall be exempted from payment of such permit fees.

of the City's position. For instances of appeals in temporary restraining order or temporary injunction cases in which questions of jurisdiction of the trial courts were determined see Ex Parte Sterling, (1932), 122 Tex. 108, 53 S.W.2d 294; State v. Ferguson, (1939), 133 Tex. 60, 125 S.W.2d 272; City of Ballinger v. Boyd, 173 S.W.2d 363, no writ hist.; State ex rel. Flowers v. Woodruff, (1947), 150 Tex. Cr.R. 295, 200 S.W.2d 178; Malone v. City of Houston, Tex.Civ.App., 278 S.W.2d 204, writ ref., n. r. e., and Bell Dental Laboratory v. Walton, Tex.Civ.App., 307 S.W.2d 342, no writ hist.

Our Supreme Court has stated: "The general rule is that equity will not enjoin enforcement of the criminal law. * * * However, there is an exception to the effect that when the criminal statute is unconstitutional, or otherwise void, and enforcement thereunder involves an invasion of property rights which will result in an irreparable injury thereto, equity will intervene to protect those property rights by enjoining enforcement of such void law. * * * If either one of the requirements of equitable relief in this type of situation —void law and irreparable injury to property rights—is lacking, the courts of equity have *no jurisdiction* to entertain such suit." (Emphasis added). State v. Logue (Tex. Sup.Ct.1964), 376 S.W.2d 567, 569.

In Shoppers Fair of North Houston v. City of Houston, 406 S.W.2d 86, 88, writ ref., n. r. e., the trial court denied a temporary injunction against the City to the plaintiff. The court there said: "Appellees contend that their pleas to the jurisdiction were good and should have been sustained. Appellees say the ordinance is penal and courts of equity will not enjoin enforcement of a criminal ordinance, unless (1) it is unconstitutional and void and (2) its enforcement will violate vested property rights and cause irreparable injury thereto. We think this is an accurate statement of the law. State v. Logue, (Sup.Ct.), 376 S.W.2d 567, 572; Crouch v. Craik, (Sup. Ct.), 369 S.W.2d 311, 315; Ex Parte Ster-

ling, 122 Tex. 108, 53 S.W.2d 294, 295." The court then additionally sustained the contention that the issue of a statute's constitutionality is for the trial court in a trial on the merits and cannot be determined in a hearing on a petition for a temporary injunction. To the same effect see Houston Belt & Terminal Ry. Co. v. Texas & N. O. Ry. Co., (1956), 155 Tex. 407, 289 S.W.2d 217.

■ It does not appear to be contested that the City's amended Building Code is penal in character. It prohibits particular acts and imposes penalties for the commission of those acts that are prohibited. The real issue is whether the School District places itself within the narrow area wherein injunctive relief is available. That narrow area has been described by our Supreme Court with the following language: "It is only where a criminal statute is void and vested property rights are being impinged as the result of an attempt to enforce such void statutes that the jurisdiction of the courts of equity can be invoked." Crouch v. Craik, (Sup.Ct.1963), 369 S.W.2d 311, 315.

■ The general authority of the City to establish building and construction regulations applicable to an independent school district is now apparent. Port Arthur Independent School Dist. v. City of Groves, (Tex.Sup.1964), 376 S.W.2d 330. The School District makes no contrary contention in this regard. With this premise, and assuming vested property rights of the School District, we look to the issue of whether the School District has discharged its burden of establishing that the ordinance in issue is unconstitutional and void. We conclude that it has not.

In its brief and in its argument, the School District lays its case on the improper classification alleged to be inherent in the ordinance. It is to be recalled that the ordinance exempts "The City of Houston, any county governments * * * the State of Texas, and the United States Government * * *" from the payment

of the required fees. The School District apparently concedes the propriety of exempting State and Federal governments from the payment of the required fees. The School District contends, however, that the exemption may not be extended to county and city governments, without likewise exempting the School District. It is on this basis that the School District claims it to be " * * * an unreasonable, void, arbitrary and discriminatory ordinance, because said ordinance discloses an unequal, unreasonable and non-uniform classification."

The School District contends that the ordinance must be non-discriminatory in treatment of like entities or between those similarly situated. The School District contends that it, the City and County, have similar legislative delegations of power, that the relative functions of each are identical and that their relationship to the State is identical. The ordinance, contends the School District, distinguishes between these like entities, and therefore is discriminatory. It is this discrimination that occasions the "unequal, unreasonable and non-uniform classification."

In Bradford v. City of Houston, Tex.Civ. App., 4 S.W.2d 592, no writ hist., the court considered a city ordinance requiring an examination and licensing of stationary steam engineers, and exempting mobile stationary engineers. The attack upon the ordinance claimed that such classification was arbitrary and unconstitutional. Holding the ordinance valid the court stated, "Class legislation, as such, is not prohibited by any provision of the state or Federal Constitution. The Legislature and the lawmaking bodies of incorporated cities and towns, acting within their grant of power, may make reasonable classifications of persons or things for the various purposes of legislation. The only limitation on that power is that it must not be 'arbitrary, unreasonable, and unjust.' * * * 'If there is a reasonable ground for the classification and the law operates equally on all within the same class, it is valid.'" A thorough and comprehensive consideration on the subject of classification by the Court of Criminal Appeals appears in Ex Parte George, Tex.Cr.App., 215 S.W.2d 170. See also McQuillin "Municipal Corporation," 3rd Ed., Vol. 5, Sec. 19.14.

■ An ordinance is presumed to be valid and the burden of showing that it is not rests upon the party attacking it. Town of Ascarate v. Villalobos, 148 Tex. 254, 223 S.W.2d 945. There the ordinance in question was adopted by the municipality for the purpose of imposing traffic regulations on motor bus traffic through that ·town. The attack on the ordinance was based on its failure to apply to carriers holding a franchise. It was on this basis alleged to be discriminatory and unreasonable. The Supreme Court there reversed and rendered both courts below and stated, "It is not shown that the city authorities in passing the ordinance under consideration acted in bad faith in endeavoring to protect the safety of the public, or that the ordinance was enacted for the purpose of discriminating in favor of or against any one. Nor does it appear that the provisions of the ordinance are unreasonable. The ordinance is valid, and the trial court and Court of Civil Appeals erred in holding it invalid."

■ The School District contends that it was made subject to the ordinance for the purpose of adding revenue to the City in the form of the required fees. This purpose was testified to by its witness, Ted Walker. This witness was permitted to testify concerning statements to that effect allegedly made by the City's Director of Public Works, E. B. Cape. The court overruled proper and timely objections and admitted the testimony. A close examination of the record gives no suggestion that E. B. Cape was authorized to speak for the City of Houston or the City Council as to the need or purpose of the subject ordinance. Even in a trial before the Court, this evidence was wholly without probative effect. City of Houston v. Lake-

wood Estates, Inc., Tex.Civ.App., 429 S.W. 2d 938, writ ref., n. r. e.

■ It is quite clear that "There must be a reasonable relationship between the classification and the objects sought to be accomplished by the statute." Smith v. Davis, (Sup.Ct.1968), 426 S.W.2d 827; Smith v. Decker, (1958), 158 Tex. 416, 312 S.W.2d 632; Miller v. El Paso County, (1941), 136 Tex. 370, 150 S.W.2d 1000. We are of the opinion that that "reasonable relationship" exists in this instance.

■ Properties of the State are excluded as a matter of law from the application of City building regulations. Port Arthur Independent School Dist. v. City of Groves, supra. Counties, being arms of the state, would likewise be immune from city-imposed payment of fees as in the instant case. See City of Galveston v. Galveston County, Tex.Civ.App., 159 S.W.2d 976, writ ref., on the respective rights of cities and counties. See also Green County v. City of Monroe, 3 Wis.2d 796, 87 N.W.2d 827; City of Scottsdale v. Municipal Court of Tempe (1962), 90 Ariz. 393, 368 P.2d 637; Davidson County v. Harmon, 200 Tenn. 575, 292 S.W.2d 777. The power to construct and maintain county buildings is derived by statute. Article 2351 in Sec. 7, provides that the Commissioners Court shall provide and keep in repair courthouses, jails and *all necessary public buildings*. 15 Tex.Jur.2d "Counties," Sec. 86; 20 C.J.S. "Counties" § 165.

■ The inclusion of the City itself would result in the City making itself subject to its own enactments and require the City to make payment of the fees provided in the ordinance to itself. There is a presumption of compliance by the City with its own requirements and there is no rational basis for exacting fees from one's own self. The exclusion of counties and the City itself from the application of the ordinance cannot be said to be "unreasonable classification" or classification without a "reasonable relationship" to the object sought to be accomplished when one

entity is excluded by law and the other is the very entity enacting the ordinance. "Classification for the purpose of a law is a legislative function. It will be sustained by the courts unless it is wholly without any reasonable basis." Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S.W. 556, 561.

The ordinance is presumed to be valid. From its face it conveys nothing to the contrary and we are of the opinion that the ordinance has not been shown to be arbitrary, unreasonable or unjust.

The temporary injunction is dissolved and this cause is reversed and rendered.