**HOUSTON INDEPENDENT SCHOOL DISTRICT, Petitioner,**

v.

**CITY OF HOUSTON, Respondent.**

No. B–1392.

Supreme Court of Texas.

June 11, 1969.

Joe H. Reynolds, John R. Cochran, Jr., Houston, for petitioner.

William A. Olsen, City Atty., Homer T. Bouldin, Trial Supervisor, Houston, for respondent.

PER CURIAM.

The City of Houston enacted a penal ordinance which, among other things, required the Houston Independent School District to have its buildings inspected and to pay inspection fees. The school district objected to the ordinance and considered it to be unconstitutional. It instituted this suit for temporary injunction, permanent injunction, and a declaration that the ordinance was unconstitutional.

The district court granted a temporary injunction. The first reason given by the court for the issuance of the temporary injunction was to preserve the status quo of the parties and to protect the subject matter of this suit "until final judgment on the merits." The City appealed from the order granting the temporary injunction.

The Fourteenth Court of Civil Appeals sitting at Houston not only dissolved the temporary injunction, it ordered that the school district take nothing by its suit. Its opinion concludes with the words, "and this cause is reversed and rendered." 436 S.W.2d 568 at 572.

In so far as the decision of the Court of Civil Appeals goes beyond the dissolving of the temporary injunction and proceeds to render a decision upon the merits and a take nothing judgment against the school district, its decision is in conflict with previous decisions of this Court. Houston Belt & Terminal Ry. Co. v. Texas & New Orleans R. Co., 155 Tex. 407, 289 S.W.2d 217 (1956), followed in State of Texas v. Gibson's Distributing Company (Tex.Sup. 1968), 436 S.W.2d 122 at 124; and Passell v. Ft. Worth Independent School District (Tex.Sup.1969), 440 S.W.2d 61. See also Shoppers Fair of North Houston, Inc. v. City of Houston (Tex.Civ.App.—Eastland, 1966, writ refused, n. r. e.), 406 S.W.2d 86; Long v. Employers Casualty Co. (Tex.Civ.App.—Waco, 1965, no writ), 392 S.W.2d 161; Valerio v. Tobin (Tex.Civ. App.—San Antonio, 1957, no writ), 298 S. W.2d 873.

Accordingly, pursuant to the provisions of Rule 483, Texas Rules of Civil Procedure, without granting the application for writ of error, the judgment of the Court of Civil Appeals is modified, and the cause is remanded to the district court.