

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 22, 1970

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
201 East 11th Street
Austin, Texas

Opinion No. M- 613

Re: Authority of an independent
school district to deduct
union dues from wages of its
custodial and maintenance
employees who consent and to
forward the deductions to the
union treasurer.

Dear Dr. Edgar:

Your recent letter to this office requested an opinion concerning the above referenced subject matter in which you ask specifically as follows:

"Does the San Antonio Independent School District have legal authority to deduct union dues from custodial and maintenance employees' wages upon their written authorization and forward such deductions to the Union Treasurer. The Board of Trustees by such conduct does not intend in any manner to recognize the Union (a labor organization) as the bargaining agent for district employees."

The statute relating to the general powers and duties of the Board of Trustees of independent school districts is Article 23.26 of the Texas Education Code, Vernon's Civil Statutes, which provides, in part:

"(b) The trustees shall have the exclusive power to manage and govern the public free schools of the district.

". . .

"(d) The trustees may adopt such rules, regulations, and by-laws as they deem proper."

Article 2.07 of the Texas Education Code, Vernon's Civil Statutes, provides for the assignment, transfer or pledge of

-2929-

compensation by teachers and school employees:

"(a) The terms 'teacher' and 'school employee' used in the section include:

(1) Any person employed by any public school district, in an executive, administrative, or clerical capacity, or as a superintendent, principal, teacher, or instructor; . . ." (Emphasis added.)

This office held in Attorney General's Opinion No. 0-4033 (1941) that the predecessor of Article 2.07, supra, Article 2883a, Vernon's Civil Statutes, supported deductions from teachers' salaries for participation in a hospitalization plan. Such opinion would also stand as support for the proposition that Article 2.07, supra, specifically authorizes deductions from teachers' salaries, and from the salaries of other employees included within the statutory classifications set out above, for union dues. The question is whether or not maintenance and custodial employees are excluded from these classifications. We hold they are not so excluded.

We are required to interpret a statute where possible in harmony with constitutional considerations. The word "administrative" is not a word of art and is open to construction, being said to mean ministerial and having to do with daily affairs as distinguished from permanent matters. 2 CJS 56, Administrative; Mauritz v. Schwind, 101 S.W.2d 1085, 1090 (Tex.Civ.App. 1937, error dism.). Consequently, administrative employees may include custodial and maintenance employees.

Article I, Section 3 of the Texas Constitution and the equal protection clause of the Fourteenth Amendment of the United States Constitution contemplate and insure that all persons similarly circumstanced shall be treated alike, both in privileges conferred and in liabilities imposed. Glassgow v. Terrell, 100 Tex. 581, 102 S.W. 98 (1907); 16 Am.Jur.2d 848, Constitutional Law, Sec. 487. Nevertheless, it has been repeatedly held that a state may classify its citizens into reasonable classes and apply different laws, or its laws differently, to the classes without violating equal protection. Railroad Commission of Texas v. Miller, 434 S.W.2d 670 (Tex.Sup. 1968); Patterson v. City of Dallas, 355 S.W.2d 838 (Tex.Civ.App. 1962, error ref. n.r.e.), appeal dismissed 83 S.Ct. 873, 372 U.S. 251, 9 L.Ed.2d 732. The reasonability of such classification is tested by whether it is based upon a real and substantial difference having a relationship to the subject of the particular enactment. City of Houston v. Houston Independent School District, 436 S.W.2d 568 (Tex.Civ.App. 1968, modified on

Dr. J. W. Edgar, page 3 (M-613)


other grounds 443 S.W.2d 49).

The United States Supreme Court in the case of Carrington
v. Rash, 380 U.S. 89, 13 L.Ed.2d 675, 85 S.Ct. 775 (1965), Revg.
378 S.W.2d 304 (Tex.Sup. 1964), considered a classification relating
to voting qualifications included in Article VI, Section 2 of the
Texas Constitution. The question involved whether a member of the
Armed Forces stationed in Texas, who was not a resident of Texas
at the time of his entry into military service, could vote in a
Texas primary election. The Court on certiorari from the Texas
Supreme Court decided that the classification contained in the
Texas Constitution and which denied Petitioner's right to vote
was a violation of the equal protection clause of the Fourteenth
Amendment. Justice Stewart, speaking for the Court on the basis
for classification, said at 85 S.Ct., p. 780:

"There is no indication in the Constitution
that occupation affords a permissible basis for
distinguishing between qualified voters within
the State."

In like manner, equal protection of the law requires that
statutory classifications be made on some reasonable basis which
does not discriminate between people who would otherwise stand on
the same footing. City of Houston, supra. As in the Carrington
case, supra, occupational differences here do not afford a per-
missible basis for refusing custodial and maintenance employees a
service otherwise granted to other employees of the school district.
The manifest purpose of Article 2.07, Texas Education Code, Ver-
non's Civil Statutes, at the time it was passed by the Legislature
in 1941 as Article 2883a, was to provide school employees with a
means to pledge or assign a part of their wages and salaries for
payment of debts, when they were unable to furnish other security
for debts.

We, therefore, conclude that the Legislature intended to
act constitutionally and that pursuant to the provisions of Articles
23.86 and 2.07, Texas Education Code, Vernon's Civil Statutes, the
trustees of an independent school district have the authority to
deduct union dues from custodial and maintenance employees' wages
upon their written authorization in accordance with Section 2.07
(b)(1) and forward such deductions to the treasurer of the union.

### S U M M A R Y

An independent school district has the authority
in accordance with Section 2.07(b)(1) of the Education

-2931-

Code through its board of trustees to deduct union dues from the wages of its custodial and maintenance employees upon their written authorization and to forward such deductions to the union treasurer.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James H. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman
Scott Garrison
Wayne Rodgers
Z. T. Fortescue
Ronald Luna

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant