

# THE ATTORNEY GENERAL
## OF TEXAS

July 3, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Mike Driscoll            Opinion No. JM-737
Harris County Attorney
1001 Preston, Suite 634            Re:  Whether a municipal anti-smoking
Houston, Texas    77002            ordinance is applicable to county
                                   facilities located within that munici-
                                   pality

Dear Mr. Driscoll:

You ask whether a municipal anti-smoking ordinance is applicable
to county facilities located within that municipality.  Pursuant to
its authority under section 34 of article 1175, V.T.C.S., "to enforce
all ordinances necessary to protect health, life and property," the
city of Houston, a home rule city, has adopted an ordinance which
prohibits smoking in public places.  "Public places" is defined to
include governmental facilities.

You question the authority of a city to impose its anti-smoking
ordinance on county-owned facilities.  First, you argue that as an
"arm of the state" the county is immune from city regulation.  You
suggest that counties are distinguishable from other political
subdivisions of the state in this regard.  This office has validated
the application of city ordinances to counties.  See Attorney General
Opinion Nos. JM-180 (1984); MW-508 (1982); WW-218 (1957).  In Attorney
General Opinion MW-508, this office rejected the argument that
counties are immune from municipal ordinances.  That opinion relied on
the reasoning of the supreme court in Port Arthur Independent School
District v. City of Groves, 376 S.W.2d 330 (Tex. 1964).

You offer language found in City of Houston v. Houston Indepen-
dent School District, 436 S.W.2d 568 (Tex. Civ. App. - Houston [14th
Dist.] 1968), modified, 443 S.W.2d 49 (Tex. 1969) to support your
position of county immunity.  At issue before the Houston court was
the constitutionality of an ordinance that expressly exempted county
and city governments from its terms.  In justifying the exemption made
by the ordinance for county governments, the court analogized to the
immunity of state property from municipal regulation:

> Properties of the State are excluded as a
> matter of law from the application of City
> building regulations.  Port Arthur Independent
> School Dist. v. City of Groves, supra.  Counties,
> being arms of the state, would likewise be immune
> from city-imposed payment of fees as in the
> instant case.

Houston, 436 S.W.2d at 572.

As this office stated in Attorney General Opinion MW-508 (1982) at 5, we doubt the precedential value of the language quoted above. The supreme court reserved judgment on the question of county-city relationships. We have found no supreme court decision that limits City of Groves to require that counties be viewed differently from other political subdivisions in regard to the application of a city ordinance. In our opinion, a county is not immune from a municipal anti-smoking ordinance.

Next, you urge that state law confers upon the county sufficient responsibility for the health of county residents and for the construction and repair of county buildings to preempt the city's authority to apply an anti-smoking ordinance to county facilities. Specifically, you rely on article 4494n, V.T.C.S. (creation of a hospital district); article 4436b, V.T.C.S. (local public health reorganization act); article 4477-2, V.T.C.S. (mosquito control district); article 2351(11), V.T.C.S. (support for mentally ill and mentally retarded persons); article 5115, V.T.C.S. (establishment of a county jail); and article 2351(7), V.T.C.S. (the duty to provide and repair courthouses, jails, and all necessary public buildings).

The general rules concerning preemption were summarized in Attorney General Opinion JM-619 (1987) at 1 as follows:

> A municipal ordinance may not conflict with state legislation. . . . A city is preempted from regulating in a field if the city's regulation is expressly prohibited, if the legislature intended state law to exclusively occupy that field, or if the city regulation conflicts with state law even if state law is not intended to occupy that field. . . . The state's entry into a field of legislation does not automatically preempt that field from municipal regulation. . . . Additionally, because a home rule city's powers derive directly from article XI, section 5, of the Texas Constitution, limits on those powers must appear with unmistakable clarity. . . . [Citations omitted].

We are of the opinion that none of these general statutes pertaining to a county's authority regarding certain health or hospital matters reflects a legislative intent to occupy the field of smoking regulations. Likewise, we are of the opinion that articles 5115 and 2351 do not preempt a municipal anti-smoking ordinance in county buildings.

Thirty years ago this office refused to read the general buildings provision of article 2351(7) as vesting "sole police jurisdiction with regard to regulation of county buildings with the county commissioners' court." Attorney General Opinion WW-218 (1957). Accord, Attorney General Opinion MW-508 (1982). We agree with those

opinions. It was considered unreasonable in those earlier opinions to read article 2351(7) as preempting county buildings from municipal inspection fee requirements and municipal fire code provisions. It would be equally unreasonable to read that provision to preempt a city's anti-smoking ordinance.

Having found no express county authority that preempts the anti-smoking ordinance, we must consider whether state law expressly prohibits or conflicts with such an ordinance. We have found no statute restricting a city's authority to adopt an anti-smoking ordinance. Nor do we believe that the municipal anti-smoking ordinance conflicts with any state law.

Section 48.01 of the Penal Code creates an offense for smoking in certain places. Subsection (a) provides:

> (a) A person commits an offense if he is in possession of a burning tobacco product or smokes tobacco in a facility of a public primary or secondary school or an elevator, enclosed theater or movie house, library, museum, hospital, transit system bus, or intrastate bus, as defined by Section 4(b) of the Uniform Act Regulating Traffic on Highways (Article 6701d, Vernon's Texas Civil Statutes), plane, or train which is a public place.

Not all governmental facilities are covered by this provision. However, any argument that this statute conflicts with or preempts local ordinances is refuted by the language in section 2 of the bill creating the statute. Section 2 provides:

> The provisions of this Act shall not preempt any ordinance adopted by a government entity now or in the future which prohibits the possession of lighted tobacco products or prohibits the smoking of tobacco within the jurisdiction of said governmental entity.

Acts 1975, 64th Leg., ch. 290, §2, at 745.

In our opinion, a home rule city's anti-smoking ordinance does not conflict with state law.[1]

---

1. Legislation was introduced in the regular session of the Seventieth Legislature that would have prohibited smoking in public places in much the same fashion as the Houston ordinance. This legislation was not enacted into law. It defined public places to include buildings used for state or local governmental purposes. The bill specifically allowed political subdivisions to adopt more stringent ordinances to regulate or prohibit smoking in a public place.

## S U M M A R Y

The city of Houston anti-smoking ordinance is not in conflict with state law.  County buildings located within the city of Houston are subject to the ordinance.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen Gladney
Assistant Attorney General