HOUSTON BELT & TERMINAL RAIL-
WAY COMPANY et al., Appellants,

v.

TEXAS AND NEW ORLEANS RAILROAD
COMPANY, Appellee.

No. 12815.

Court of Civil Appeals of Texas.

Galveston.

April 28, 1955.

Rehearing Denied June 2, 1955.

Fulbright, Crooker, Freeman, Bates & Jaworski, M. S. McCorquodale and Quentin Bates, Houston, for appellants.

Baker, Botts, Andrews & Shepherd, Tom Martin Davis and John A. MacDonald, Jr., Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the 61st District Court of Harris County, Honorable Ben F. Wilson, presiding judge, sitting without a jury, in favor of the appellee against the appellants, substantially to this effect:

The court entered a declaratory judgment under Vernon's R.S. Article 2524–1, construing the contract existing between the parties in the manner contended for by the T. & N. O., that is, that the trackage owned by T. & N. O. and covered by such contract, which was dated November 18, 1929, and the supplements thereto, could be used only by the T. & N. O. and I.–G. N., and by the appellant, Houston Belt & Terminal Railway Company, when it was acting as agent for the I.–G. N.

In other words, the court, at that hearing, so determined that the situation before it justified the application thereto of the Declaratory Judgments Act, R.S. Article 2524–1, and so applied its provisions.

In this Court, through three stated points of error, appellants protest against the entry of such final judgment against them, "at the conclusion of the hearing on the application for a temporary injunction," as follows:

*First*

"The Court erred in entering final judgment against the defendants at the conclusion of the hearing on an application for a temporary injunction because:

"(a) The case was never set for trial on the merits, the setting being only on an order to show cause why the temporary injunction should not be granted.

"(b) Defendants had no notice that the Court was treating the hearing on the show-cause order as a non-jury trial on all issues of the case until after all parties had rested.

"(c) Defendants were deprived of the right to request trial by jury, a fundamental error."

*Second*

"The Court erred in entering final judgment against the defendants, at

the conclusion of the hearing on an application for a temporary injunction without a setting of the case and notice to the defendants that the case would be tried on the merits."

### Third

"The Court erred in entering final judgment against the defendants, at the conclusion of the hearing on an application for temporary injunction, because this procedure, in effect, deprived the defendants of the right of trial by jury.

"(a) Since defendants were not entitled to trial by jury on the hearing on the application for a temporary injunction, they still had a right to demand trial by jury on the merits, and the surprise election of the District Court, at the conclusion of the hearing, to treat the hearing as a trial on the merits, came at a time when defendants had not waived trial by jury; and such action came long before defendants had been put to an election as to whether they desired trial by jury."

They support the stated points by citing these authorities: Galveston & W. Railway Co. v. City of Galveston, Tex.Civ.App., 137 S.W. 724; Haden Employees' Association v. Lovett, Tex.Civ.App., 122 S.W.2d 230; James v. E. Weinstein & Sons, Tex. Com.App., 12 S.W.2d 959; Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549; art. V, Sec. 10, Constitution of Texas, Vernon's Ann.St.; Rule 216, Texas Rules of Civil Procedure; 4 Tex.Jur.Supp., Sec. 21, page 133.

None of appellants' presentments, it is determined, should be sustained. A complete answer, it is thought, to all of appellants' presentments is thus stated by the fourth counter-point in the brief of appellee, as follows:

### Fourth

"Defendants are not entitled to a new trial, for they have made no showing that the failure to have a jury trial caused them harm or deprived them of any constitutional right, and a demand for a jury trial cannot be made for the first time on this appeal."

The appellee, in turn, cites in support of its answer these Texas cases. Buttrill v. Occidental Life Ins. Co., Tex.Civ.App., 45 S.W.2d 636; Kegans v. Williams, Tex. Civ.App., 214 S.W.2d 799 (writ ref.); Public Indemnity Co. v. Pearce, Tex.Civ. App., 56 S.W.2d 906 (writ dism.); Hickman v. Smith, Tex.Civ.App., 238 S.W.2d 838 (writ ref.); Dallas Joint Stock Land Bank v. State ex rel. Cobb, Tex.Civ.App., 133 S.W.2d 827, affirmed 135 Tex. 25, 137 S.W. 2d 993; Schroeder v. Texas & Pacific Ry. Co., Tex.Civ.App., 243 S.W.2d 261.

It seems obvious to this Court, from its examination of the whole surrounding circumstances, that the trial from which the appeal so comes to it here, was not one merely on the hearing of an application for a temporary injunction, as appellants so earnestly contend in this Court; but that all the parties, appellants included, considered it a trial on the merits under the Declaratory Judgments Act, and since the record fails to show that at the time of this determination by the trial court, there was any lack of propriety in either the procedure there, or the judgment announced at the time.

In other words, under the court's construction of the contract between the parties of November 18, 1929, and their having lived under it successively thereafter until the date of the trial of this cause below in August of 1954, it regarded the action as one for a declaratory judgment. After all, there was little, if anything, fundamentally involved, except a proper construction of the contract between the parties so dated back on November 18, 1929.

Neither is there any contention upon appellants' part that it had, or could have gotten, any evidence which might have properly led to a different judgment. Neither do they argue on this appeal that, were they granted a new trial, they could or would present evidence which would justify a different judgment from that so rendered

by the trial court. Indeed, our authorities appear to have decided the only question appellants do attempt to raise here, contrary to its contention, to wit, these: Huffman v. Alexander, Tex.Civ.App., 276 S.W. 959; Perry v. Jaggers, Tex.Civ.App., 9 S.W.2d 143 (writ dism.); Bradshaw v. Holmes, Tex.Civ.App., 246 S.W.2d 296 (writ ref.).

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.

HAMBLEN, C. J., concurs in the order of affirmance only.

CODY, Justice.

I must dissent from the holding of the majority.

Appellee's counsel candidly admitted in oral argument on submission in this Court that he, like appellants' counsel, was of the opinion that the hearing in question was one to determine whether the temporary injunction which appellee sought should be granted. Without in any way detracting from the credit which is always the due of candid admissions, it is highly unlikely that an active practitioner at the Harris County Bar could have thought otherwise. This because the hearing was set for the application for temporary injunction for July 8, 1954, and was later reset by agreement of counsel for August 17, 1954. Such setting indicated that it was one to "show cause". Under the rules of the Civil District Courts of Harris County cases are set for trial on the merits by the written request of either party on or before the twentieth day of the month preceding the two-month assignment. A copy of such request for a setting for trial on the merits is furnished opposing counsel. Here no request was ever made for a setting of this cause on the merits. Again, the Civil District Courts of Harris County do not, except by agreement of counsel, set cases for trial on the merits between the latter part of July and the first of October. This is the period in which the courts recess for the summer vacation. But said courts do hear matters on the ancillary docket such as relate to temporary injunctions, domestic relation matters and matters preliminary to trial on the merits generally.

It was only after the parties to the hearing, which was held as set for August 17th, had rested, that the court announced he was going to render final judgment in the case, and the parties first learned that the court was undertaking to convert the hearing on the application for a temporary injunction into a trial on the merits. In response to appellants' protest, the court offered to reopen the case so as to permit appellants to offer such additional evidence as was relevant and which appellants cared to offer.

The appellee does not undertake to justify the action of the trial court in converting a hearing on the application for a temporary injunction into a trial upon the merits upon the grounds that appellants had waived any right to seasonable notice of a trial upon the merits, or upon the ground that they had so participated in actions which were taken before the court, or that they had so invoked the jurisdiction of the court as would estop them from complaining of a rendition of a final judgment upon a hearing by the court of an interlocutory matter. It would seem to me unnecessary to support, by citation of authority, the proposition that a court is not authorized to render a final judgment on merits upon a hearing upon an application for a temporary injunction, however see James v. E. Weinstein & Sons, Tex.Com. App., 12 S.W.2d 959; Transport Co. of Texas v. Robertson Transports, Tex., 261 S.W.2d 549, 552.

In so far as this suit was one for a declaratory judgment, it was one that had to be tried upon the merits, and the court was without authority, upon a hearing upon a temporary injunction, to render a declaratory judgment. The doctrine of "harmless error", which is invoked by the appellee to support the court's judgment and which seems to be the basis upon which the major-

ity uphold the judgment, in my opinion, has no application here. It would indeed be a vain and foolish thing to reverse a case merely for the sake of form; that is, merely because the court had been guilty of some error which had not affected the complaining party adversely and the case was properly decided.

But in my opinion it is a denial of the due process of law for a court to undertake to put a party to trial without his being given such notice as the law and rules of court allow him. A denial of due process of law can never be harmless error. 5 C.J.S., Appeal and Error, § 1709, pp. 906–907. Here appellants were within their rights in declining to offer any evidence or otherwise waive their rights not to proceed to trial on the merits without due and proper notice.

For the error of the court in proceeding to render final judgment on the merits over appellants' objection, when the only notice that the parties had was that the hearing was to be concerned with an interlocutory injunction, the judgment should be reversed.