HOUSTON BELT & TERMINAL RAILWAY COMPANY ET AL v. TEXAS AND NEW ORLEANS RAILROAD COMPANY

No. A-5384. Decided April 11, 1956.
(289 S.W. 2d Series 217)

408

*Fullbright, Croker, Freeman, Bates & Jaworske,* M. S. Mc-Corquodale, and *Quentin Bates,* all of Houston, for petitioners.

The Court of Civil Appeals erred in affirming the action of the trial court in entering judgment against petitioners, at the conclusion of the hearing of respondent's application for temporary injunction, without a setting of the case and without notice to petitioners until after the hearing that the hearing would be treated as a trial on the merits. Galveston & W. Ry. Co. v. City of Galveston, 137 S.W. 724; Haden Employees' Ass'n. v. Lovett, 122, S.W. 2d 230; Transport Co. of Texas v. Robertson Transports, 261 S.W. 2d 549.

*Baker, Botts, Andrews & Shepherd, Tom Martin Davis* and *John A. MacDonald, Jr.,* all of Houston, for respondent.

Replying, cited Texas Power & Light Co. v. Hering, 148 Texas 350, 224 S.W. 2d 191, Thompson v. Janes, 151 Texas 495, 251 S.W. 2d 953; City of Galveston v. Hill, 151 Texas, 139, 246 S.W. 2d 860.

MR. JUSTICE WALKER delivered the opinion of the Court.

The Court of Civil Appeals has affirmed a judgment on the merits in favor of respondent which the trial court entered at the conclusion of the hearing on respondent's application for a temporary injunction. 279 S.W. 2d 386. We have concluded that the trial court thereby rendered an improper judgment within the meaning of the harmless error rule, and that the judgment of the Court of Civil Appeals must be reversed.

Many years ago Texas and New Orleans Railroad Company, respondent, and International-Great Northern Railroad Company made a contract for the joint operation of certain railroad trackage, part of which is owned by respondent and part by I-GN. The latter company thereafter assigned its rights under the contract to Houston Belt & Terminal Railway Company, which owns and operates the Union Station in Houston and conducts switching operations in that vicinity for a number of other railroads.

A controversy arose as to the rights of the parties under the contract, respondent contending that only I-GN and Belt when acting as agent for I-GN could use the tracks owned by respondent and covered by the agreement, and Belt asserting that it was also entitled to use such tracks when acting for itself and as agent for railroads other than I-GN. On June 25, 1954, respondent filed this suit against petitioners, Belt and other interested railroads, including I-GN, seeking: (1) a temporary injunction restraining petitioners, except I-GN and Belt when acting as agent for I-GN, from using the trackage in question, (2) permanent injunctive relief upon final hearing, (3) a declaratory judgment construing the contract in accordance with respondent's contentions, and (4) damages of at least $5,000.00 per year for any time petitioners had wrongfully used the track.

Upon the filing of the petition an order was entered setting July 8th as the date for the hearing on the temporary injunction. The order to show cause was not served on petitioners,

but they were served with the regular form of citation on June 28th. By agreement of counsel the hearing on the temporary injunction was postponed until August 17th. An extension of time was also granted for filing answer, and on July 30th petitioners filed a plea in abatement and their verified original answer on the merits. The answer raised issues of construction of the contract by conduct of the parties, estoppel, nonviolation of the contract, and the propriety of a declaratory judgment.

The case was not set for trial on the merits by agreement or otherwise. The parties appeared by counsel on August 17th and announced ready. Counsel for all parties understood that the hearing was on the application for a temporary injunction, but nothing was said by court or counsel regarding the scope of the hearing until after the judgment was announced. Respondent introduced the contract and other documentary evidence, and also examined a number of witnesses, including the President of Belt. Petitioners cross-examined the witensses but did not offer any other evidence.

After all parties had rested, the court announced that respondent would be granted a declaratory judgment construing the contract in accordance with its contentions. Counsel for petitioners protested, pointing out that the hearing was limited to the application for a temporary injunction. The court then asked counsel for petitioners if they had any evidence on the merits of the case which they would like to put into the record, and counsel stated they did not.

Judgment was entered on August 18th construing the contract in accordance with respondent's contentions, denying the application for an injunction without prejudice to respondent's right to future relief in the event of a violation of the provisions of the judgment, and adjudging the costs against petitioners. The judgment makes no express disposition of respondent's claim for damages, but petitioners do not attack the same on that ground.

At the hearing on petitioner's motion for new trial, it was established that all parties had understood that the August 17th hearing was on respondent's application for a temporary injunction, and that the case had not been set for trial on the merits. Petitioners also introduced the district clerk's record of the cases set for trial, which disclosed that a "show cause" hearing was set for August 17th and that the same had been re-

set by request of the parties from July 8th. They did not attempt to show that a new trial if granted might or would result in a different judgment.

■ This appeal is predicated upon the action of the trial court in entering judgment on the merits at the conclusion of the hearing on the temporary injunction. The only question before the court at a hearing on an application for a temporary injunction is the right of the applicant to the preservation of the status quo of the subject matter of the suit pending a trial on the merits, and the court is not authorized to enter judgment on the merits at such a hearing. James v. E. Weinstein & Sons, 12 S.W. 2d 959, Texas Com. App.; Transport Co. of Texas v. Robertson Transports, 152 Texas 551, 261 S.W. 2d 549. The reasons for this rule are apparent. The defendant usually has not had time to prepare the case for trial on the merits by the time of the hearing, which generally is held soon after the suit is filed. Even if the defendant is in position to go to trial on the merits, the failure to present all of his evidence and legal contentions at the hearing does not prejudice his right to do so at the trial. Since the parties are not entitled to a jury at the show cause hearing, the granting of a judgment on the merits at that time would deprive the losing party of the right to elect to have a jury trial on any contested issues of fact.

■ Respondent points out that when the trial court offered to reopen the case, petitioners did not request additional time to prepare and present their defenses. It would be idle to speculate whether such a request would have been granted, because we think petitioners were not under a duty to ask for more time. They had prepared for and participated in a hearing on a temporary injunction, and were entitled to reasonable notice before being put to trial on the merits. After announcing judgment on the merits at such a hearing. James v. E. Weinstein & Sons, whether petitioners had any evidence on the merits which they would like to put in the record. We regard this as an invitation to complete the trial at that time. If petitioners had proceeded to trial, they would have lost the right to demand a jury as well as the benefit of any issue of fact or contention of law which they were not in position to raise at that time. See Huffman v. Alexander, Texas Civ. App. 276 S.W. 959, no writ; Perry v. Jaggers, Texas Civ. App., 9 S.W. 2d 143, writ dism. They chose to stand on their right to insist that the case had not been set or tried on the merits, and that they should be given reasonable notice before being forced to trial. This they were entitled to do.

■ Respondent relies on the harmless error rule. Petitioners did not establish, either at the conclusion of the August 17th hearing or at the hearing on the motion for new trial, that they were not ready on August 17th for a hearing on the merits, that they needed more time to prepare their case, or that they would have additional evidence or legal contentions to present at a trial on the merits. Respondent argues that the trial court had jurisdiction of the parties and the subject matter of he suit, that the case was fully developed, and that the judgment of the trial court should not be reversed when the record does not disclose that a new trial will probably result in a different judgment.

If the judgment had been entered after a trial on the merits, respondent's position would clearly be sound. But there has been no trial on the merits. The application for a temporary injunction was the only matter set for hearing on August 17th. All parties announced ready and participated in the hearing on that basis. When it developed that the trial court regarded the hearing as a trial on the merits, petitioners immediately protested and refused to proceed. Under these circumstances, and even though service of citation was complete and an answer was on file, the trial court was without authority to convert the hearing into a trial on the merits.

The court clearly erred in entering judgment on the merits at the conclusion of the hearing on the temporary injunction. Such error not only probably caused, but unquestionably caused, the rendition of an improper judgment, because the court was only authorized to enter an order maintaining the status quo of the subject matter of the suit pending a proper trial on the merits.

Respondent also contends that the case was fully developed, that the evidence pertaining to each fact issue is undisputed and indisputable, that the contract is subject to only one interpretation, and that the same result will necessarily be reached in the event of a trial on the merits. It is well settled, however, that the rights of the parties on the merits will not be measured and determined by the appellate court on the basis of the evidence introduced at a preliminary hearing. Transport Co. of Texas v. Robertson Transports, supra.

We are not unmindful of the cases holding that a meritorious defense must be shown before a defendant is entitled to: (1) maintain a bill of review to set aside a default judgment which

has become final but which was entered without proper service of process, or (2) an order setting aside a default judgment entered after proper service of citation but which has not become final. Sanders v. Harder, 148 Texas 593, 227 S.W. 2d 206; Craddock v. Sunshine Bus Lines, 134 Texas 388, 133 S.W. 2d 124. It is our opinion that these rules should not be applied here. In the former situation the defendant has no relief except in equity, and a court of equity will not interfere to set aside a judgment unless it appears that the result will be different from that already reached. In the latter case the defendant has not exercised proper diligence, although his failure to answer before judgment was not intentional or the result of conscious indifference. Petitioners have exercised proper diligence and have appealed from a judgment entered over their protest without a trial on the merits. We think they are entitled to such a trial without showing that the same will necessarily result in a different judgment.

The judgments of both the trial court and the Court of Civil Appeals are reversed, and the cause is remanded to the trial court.

Opinion delivered April 11, 1956.