**DUVAL COUNTY, Texas, et al., Appellants,**

v.

**Laurel G. RIOS, Jr., et al., Appellees.**

No. 13467.

Court of Civil Appeals of Texas.
San Antonio.

June 3, 1959.

Rehearing Denied July 1, 1959.

Gerald Weatherly, Gordon Gibson, Laredo, for appellants.

Perkins, Floyd & Davis, Kenneth Oden, Lloyd & Lloyd, Alice, for appellees.

MURRAY, Chief Justice.

The court proceeded to a hearing for a mandatory injunction upon plaintiffs' first amended original petition, and, as shown by that petition, the plaintiffs were, Rafael Garcia, County Clerk of Duval County, Texas, and his deputies, Francisco Aleman, Jesus R. Garcia, Oscar Garcia, Jr., and J. P. Stockwell, Sheriff of Duval County, and his deputies, Fidencio Perez, Justo Tijerina, Aselardo G. Garcia, Jesus Gaitan, Oscar A. Garcia, Leocadio E. Cases, Richard Barton, Fortino Gonzales, Benito Alaniz and Jesus Ramos, and the defendants named therein were, Laurel G. Rios, Jr., individually and as County Treasurer of Duval County, Texas, the First State Bank

of San Diego, Texas, a private corporation duly organized and existing under and by virtue of the laws of the State of Texas, with its bankinghouse and principal place of business in San Diego, Duval County, Texas, Daniel Tobin, Jr., individually and as Judge of the County Court and presiding member of the Commissioners' Court of Duval County, Texas, Jose Ramos, Dennis McBride, Juan Leal and Tom Molina, each individually and as members of the Commissioners' Court of Duval County, Texas, and the County of Duval, State of Texas.

The Commissioners' Court of Duval County had duly issued warrants and vouchers payable to the plaintiffs for their salaries for the months of October and November, 1958, and had approved and issued vouchers for certain expense allowances, and all of these warrants and vouchers had been signed by the County Auditor, but payment was held up on them by the refusal of the County Treasurer of Duval County, Laurel G. Rios, Jr., to counter-sign the same. These warrants and vouchers were regular in every respect and were within the 1958 budget of Duval County.

The plaintiffs were seeking a mandatory temporary injunction requiring the County Treasurer to sign these warrants and vouchers, and requiring the First State Bank of San Diego, Texas, the County Depository, to pay them when presented bearing the signature of the County Treasurer.

G. B. Parr and Amando Garcia, Jr., filed an intervention in the case. The First State Bank of San Diego filed a cross-action, naming numerous parties as defendants.

After giving notice and after a hearing, the trial court on December 20, 1958, entered an order granting a mandatory temporary injunction requiring the County Treasurer, Laurel G. Rios, Jr., to sign all of the warrants and vouchers set out in the first amended petition, except those for the salaries of Rafael Garcia, Jr., as County Clerk, and J. P. Stockwell as Sheriff, being checks Nos. 2813, 2818, 2870 and 2874 (it having been agreed that Amando Garcia, Jr., and J. P. Stockwell would not insist that the injunction include their warrants or vouchers for their respective salaries), and ordering the First State Bank of San Diego to pay such warrants or vouchers when presented to it, bearing the signature of the County Treasurer.

The order further provided as follows:

"It further appearing to the Court that the County of Duval and the Commissioners Court of Duval County, Texas, have appeared in all things in reply to plaintiffs' said application for temporary relief, and it appearing to the Court that it would be just and lawful for the defendant First State Bank of San Diego to pay out the sums of money as hereinabove ordered, and that the said County of Duval and the Commissioners Court of Duval County, Texas, have or assert no claim or claims or causes of action against the said First State Bank of San Diego by reason of the payment of such checks and/or vouchers under the terms hereof; * . * *

"It is expressly adjudged hereby that nothing in this Judgment shall be in any manner construed as in any wise affecting the question of title to the office of Sheriff of Duval County, Texas, as between G. B. Parr and J. P. Stockwell, nor the question of the title to the office of County Clerk of Duval County, Texas, as between R. Garcia and A. Garcia, Jr."

We will first discuss the mandatory injunction insofar as it requires the County Treasurer, Laurel G. Rios, Jr., to counter-sign the warrants and vouchers set forth in the petition. It appears from the record that Duval County had duly and timely issued to the deputy clerks and the deputy sheriffs named above, their salary warrants and vouchers, and had issued to the Coun-

ty Clerk and Sheriff, warrants and vouchers for the expenses incurred in their respective offices. The Commissioners' Court had duly and timely approved all requests, claims and warrants, and the County Auditor had duly and timely audited, approved and counter-signed them, but Laurel G. Rios, Jr., County Treasurer, had refused to counter-sign these warrants and vouchers, in violation of his duty under the law, Article 2554, Vernon's Ann.Civ.Stats.

The County Treasurer bases his refusal to counter-sign these warrants and vouchers upon the propositions, first, that there was a cause, No. 6351–A, styled Armando Garcia et al. v. Daniel Tobin et al., pending on the docket of the District Court of Duval County, in which the salary to the office of County Clerk and County Sheriff were involved, and second, that there was no money on hand in the treasury of the county out of which these warrants and vouchers could be paid, except money collected in October and November of 1958, for taxes that had been assessed for that year.

■ Cause No. 6351–A, now pending in the District Court of Duval County, is a suit between the respective parties therein named for the offices of County Clerk and County Sheriff, and has nothing to do with whether or not Rafael Garcia and his deputies, and J. P. Stockwell and his deputies, who were duly appointed on January 1, 1957, should be paid for their services rendered under such appointments. The County Clerk and the County Sheriff, duly appointed by the Commissioners' Court, and their deputies, are entitled to be paid for their services, regardless of how the suit in Cause No. 6351–A may terminate.

■ With reference to the contention of Rios that there were no funds on hand out of which these warrants and vouchers could be paid, except money collected during the year 1958, for taxes levied during this same year; such funds are current revenue for the paying of salaries and ex-

penses of the county government for the year 1958. The fact that there are no other funds on hand out of which these warrants and vouchers can be paid furnishes no reason why the County Treasurer should not counter-sign these warrants and vouchers. The County Treasurer relies upon the case of McClellan v. Guerra, 152 Tex. 373, 258 S.W.2d 72. Shortly after that case was decided the Legislature enacted Section 9a of Article 689a, Vernon's Ann. Civ.Stats., reading as follows:

"The County Judge in preparing the budget to cover all proposed expenditures of the county government for the succeeding year shall estimate the revenue to be derived from taxes to be levied and collected during such succeeding year and such revenue shall be included in the estimated revenues available to cover the proposed budget."

■ After the enactment of Section 9a on January 5, 1955, the Court of Civil Appeals at Austin decided the case of Guerra v. Rodriguez, 274 S.W.2d 715, in which that Court held that the Legislature had changed the rule laid down in McClellan v. Guerra, supra, and that as the law now stands, money collected by a county during October, November and December for taxes levied during the same year is to be considered as current revenue of the county for that year.

■ From the facts shown in this record, it is clear that Laurel G. Rios, Jr., as County Treasurer, failed to do his ministerial duty when he refused to sign the warrants and vouchers involved herein, and the trial court properly granted a mandatory temporary injunction requiring him to do so.

■ That part of the order which requires the First State Bank of San Diego, Texas, to pay these warrants and vouchers when presented to it, bearing the signature of the County Treasurer, was improvident and should be reversed and set aside. In

the first place, the record fails to show that the Bank will refuse to pay these warrants and vouchers when presented, properly authenticated and signed, and, in the second place, it is improper on a preliminary hearing for a mandatory temporary injunction, to order the payment of money to the plaintiffs under the pains and penalties of contempt of court. State ex rel. Kansas City v. Lucas, 236 Mo. 18, 139 S.W. 348. The judgment of the trial court will be amended so as to eliminate therefrom the order to the State Bank of San Diego to honor and pay these warrants and vouchers when presented to it. The Bank has its legal duties as a bank and as a county depository, and we presume it will properly discharge these duties.

It is called to our attention that the County Treasurer has been ordered to sign the following warrants and vouchers in which the payees are not parties to this suit, to-wit:

| Name | Amount | Check No. |
| --- | --- | --- |
| Income Tax Withheld | $200.00 | 2860 |
| Tidelands Life Ins. | 80.79 | 2859 |
| Tidelands Life Ins. | 94.81 | . . . |
| Income Tax Withheld | 175.20 | . . . |

The judgment will be amended so that these warrants and vouchers will be taken out of the order and Laurel G. Rios, Jr., County Treasurer, is not ordered to sign them.

The following will also be deleted from the judgment:

"It further appearing to the Court that the County of Duval and the Commissioners Court of Duval County, Texas, have appeared in all things in reply to plaintiffs' said application for temporary relief, and it appearing to the Court that it would be just and lawful for the defendant First State Bank of San Diego to pay out the sums of money as hereinabove ordered, and that the said County of Duval and the Commissioners Court of Duval

County, Texas, have or assert no claim or claims or causes of action against the said First State Bank of San Diego by reason of the payment of such checks and/or vouchers under the terms hereof;

"It is therefore ordered, considered, adjudged and decreed by the Court that the defendant Duval County, Texas, and the Commissioners Court of Duval County, Texas, be and they are hereby forever barred and precluded from asserting any claim or cause of action against the defendant First State Bank of San Diego by reason of the payment of the vouchers and checks herein above ordered to be paid and honored, and by virtue of the terms hereon."

After being amended as provided for in this opinion, the judgment will be in all things affirmed.

The temporary injunction heretofore granted by this Court on December 22, 1958, in Cause No. 13455, styled Duval County et al. v. Rafael Garcia et al., is hereby set aside and terminated and it will be of no further force and effect.

POPE, Justice (dissenting).

With respect, I dissent from the opinion of the majority because it approves a final judgment against defendant Duval County granted in a preliminary injunction hearing. This was done without citation, without appearance upon the merits, without setting, without opportunity to answer upon the merits, without evidence on the merits, and without a trial on the merits. Duval County first became a defendant at 4:20 on Saturday afternoon, December 20, 1958. It appeared solely on the preliminary injunction and made common cause against the temporary injunction commanding the payment of its funds in satisfaction of plaintiffs' claims. The hearing immediately commenced on the same afternoon, and was concluded just a few minutes before

midnight. On Monday morning, December 22, Duval County filed in this Court a separate original action seeking a stay of the order, and this Court granted it to preserve this Court's jurisdiction and the subject matter of the suit. The opinion of the majority approves the orders of the trial court and thus disposes of the merits of the case, and also dissolves this Court's stay order. In my opinion, those rulings determine the merits and leave nothing more to decide.

The trial court hastily decided not just one suit, but two, one of which was not even filed. The court anticipated that Duval County, whose money it had ordered paid might bring a future suit against the depository, so the trial court ordered: "That the defendant Duval County, Texas, and the Commissioners Court of Duval County, Texas, be and they are hereby forever barred and precluded from asserting any claim or cause of action against the defendant First State Bank of San Diego by reason of the payment of the vouchers and checks herein above ordered to be paid and honored, and by virtue of the terms hereon." The majority correctly set aside the orders on that future suit against the depository.

Duval County appealed from the order which commanded that its money be paid to the claimants, and with the short time it had, has done all that it could do to protect itself. It may or may not have any defenses to the demands of the claimants. In the petition to this Court to stay the orders of the trial judge, it alleged that it would prove upon a trial, if it could have one, that the plaintiffs were not appointed by proper authority, that there is an excess of deputies and employees, that plaintiffs' pay is not legally due, that the depository has no funds for such salaries and expenses; that the payments would be illegally paid out of 1959 revenue. It alleged that it could not plead further, since it had not yet even received a copy of the pleadings against which it was trying to defend. That is the record before us.

The majority holds that the Commissioners' Court of Duval County had duly issued the warrants; that it had approved certain vouchers for expense allowances, and that they were regular in every respect. I am unable to determine whether these facts are true because Duval County has not yet had an opportunity to plead or prove its defenses, or to prove that those facts are untrue. Duval County appeared at the instantaneous trial for a preliminary hearing only, and "the rights of the parties on the merits will not be measured and determined by the appellate court on the basis of the evidence introduced at a preliminary hearing." Houston Belt & Terminal Ry. Co. v. Texas & New Orleans R. Co., 155 Tex. 407, 289 S.W.2d 217, 220. I fear that the decision in the case will be authority for claimants against counties to collect claims without citing the county and without a trial upon the merits. I dissent with respect to the orders commanding payment of Duval County's money, and dissolving this Court's stay order.