**SALIN & ADLY, INC., Appellant,**

v.

**George CATANIA, dba the Godfather, Appellee.**

**No. 5231.**

Court of Civil Appeals of Texas, Waco.

April 5, 1973.

Pravel, Wilson & Matthews, John R. Kirk, Jr., B. R. Pravel, Houston, for appellant.

William E. Hall, Jr., Jack C. Brock, Houston, for appellee.

VIC HALL, Justice.

This appeal is from an order denying an application for temporary injunction. We affirm.

George Catania, the appellee, testified that in May, 1971, shortly after viewing the movie "The Godfather," he conceived the idea of opening a restaurant specializing in Sicilian-Italian food under the name "Il Padrino 'The Godfather' Italian-Sicilian Restaurant." "Il Padrino" means

"The Godfather" in Italian. Catania purchased some land at 322 Westheimer Street in the City of Houston, Texas, and began construction of his restaurant at that location. By September, 1972, he had expended over $200,000 in construction costs. Salina Dajwod is president of the appellant, Salin & Adly, Inc., (hereinafter called "S & A"). He testified that in May, 1972, he determined that S & A should build a plush restaurant and bar—"more like an entertainment center"—at 7901 Westheimer Street in the City of Houston and name it "The Godfather Restaurant & Bar." By September, 1972, S & A had incurred obligations by way of construction and leases which totaled several hundred thousand dollars. Catania and Dajwod each testified that he did not discover the other's plans and intentions until the first week of September, 1972.

Catania filed this action on September 25, 1972, seeking temporary and permanent injunctions to prevent S & A from using the tradename "The Godfather" in connection with its restaurant. S & A answered with a general denial, and filed a cross-action for temporary and permanent injunctions to prevent Catania from using the tradename " 'Godfather' * * * whether in English or any foreign language" in connection with his restaurant. Each party asserted various reasons for superior rights to the use of the tradename; and they alleged, *inter alia*, that public deception, confusion and mistake likely to be caused by the other's use will result in irreparable damages and constitute unfair competition.

The hearing on the applications for temporary injunctions was held on October 18, 1972, without a jury. Catania testified that he began operation of his restaurant on October 12th. Dajwod stated that the S & A restaurant was not yet open. After the hearing, the trial court rendered judgment denying both applications. Although they both perfected appeals, Catania intentionally abandoned his appeal and only S & A assigns error to the court's order.

Trial courts are endowed with broad discretion to grant or deny an application for temporary injunction, and the narrow question before us is whether the action of the court in failing to grant the writ in question constitutes a clear abuse of discretion. Janus Films, Inc. v. City of Fort Worth, 163 Tex. 616, 358 S.W.2d 589 (1962).

The only question before the court on the hearing of an application for a temporary injunction is whether the status quo of the subject matter of the suit should be preserved pending a trial on the merits, and the court is not authorized to determine the case on its merits at that hearing. Houston Belt & Terminal Ry. Co. v. Texas & New Orleans Ry. Co., 155 Tex. 407, 289 S.W.2d 217, 219 (1956). The "status quo" with which the court is concerned is "the last, actual, peaceable, noncontested status which preceded the pending controversy." Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549, 553 (1953).

The status quo of this case was the position of the parties immediately before they discovered, in the first week of September, 1972, that the other was preparing to open a restaurant using the tradename "The Godfather." The trial court preserved the status quo by denying the applications for temporary injunction.

A further recitation of the facts of the case would serve no useful purpose. We have carefully considered appellant's complaints in the light of the entire record. It is our conclusion that the court did not abuse its discretion by maintaining the status quo until this matter can be heard on its merits.

Appellant's points and contentions are overruled. The judgment is affirmed.