**Jon Grady DEATON, Appellant,**

v.

**B. J. ELLIOTT, Appellee.**

**No. 6463.**

Court of Civil Appeals of Texas, El Paso.

Sept. 17, 1975.

Glen Williamson, Kermit, for appellant.

Calvin W. Wesch, Kermit, Trenchard, Davis & Hardwick, Odessa, for appellee.

## OPINION

WARD, Justice.

The plaintiff, Jon Deaton, filed suit seeking a declaratory judgment as to the status of the plaintiff and the defendant regarding an alleged partnership agreement covering a liquor store. The defendant, B. J. Elliott, filed an answer denying the existence of any partnership and by cross-action asserted that he had been granted an option to purchase the liquor store and that he had properly elected to proceed with that purchase. A jury being waived, trial was to the Court which found that no partnership existed between the parties, that the de-

fendant had been granted an option to purchase, and that he had properly exercised the option in his favor to buy the store. The Court ordered the parties to comply with their respective agreements in order to conclude the transaction. Findings of fact and conclusions of law were requested and filed. We affirm the judgment of the trial Court.

The plaintiff operated J C's Liquor Store in Kermit, Texas, and on November 26, 1974, found his business in financial trouble. On that date, the plaintiff and the defendant entered into a partnership agreement as to the business, the defendant having on that date loaned the business $12,000.00 to cover certain outstanding checks. The business also owed an additional sum of some $23,000.00 on a promissory note payable to a local bank, and that bank was demanding immediate payment or additional security on the loan. On December 9th, the defendant Elliott pledged an oil and gas lease to the bank to reinstate that loan, and at that time, the plaintiff Deaton executed and delivered his promissory note payable to the defendant in the sum of $12,000.00, together with a security agreement covering all assets of the liquor store. Also at that time, the plaintiff granted to the defendant Elliott an option to purchase the liquor store, the option to be exercised prior to January 10, 1975. In the event the option was exercised by the defendant, he agreed he would release the Plaintiff from the $12,000.00 note and would pay all of the balance then due and owing on the note to the bank. According to the defendant Elliott, the option was exercised in proper time, but the plaintiff refused to comply with his agreement to transfer the business. Thereafter, the plaintiff Deaton filed suit asking for declaratory judgment to determine the rights of the parties under the partnership agreement, and requested ancillary temporary injunctive relief to preserve the status quo between the parties. The defendant Elliott then filed answer and denied the partnership and asserted by way of cross-action his exercise of the option to purchase the business, and prayed for transfer and assignment of the business and its assets.

At a final hearing on February 10, 1975, the trial Court determined that the option to purchase the business had been properly and duly exercised by Elliott. The plaintiff Deaton and his wife were ordered to assign to Elliott all their right, title and interest in and to the business, including the inventory, cash in bank, and accounts receivable, as well as surrendering the package store license issued to the business by the Texas Alcoholic Beverage Commission. The Court further ordered that the real property where the liquor store was located was impressed with a lease in favor of Elliott for the unexpired fifty-three months of the original five-year lease. This was done as Deaton had purchased the real estate and then transferred the title to his wife.

By his first point, the plaintiff-Appellant complains of the final judgment rendered on February 10, 1975, because the only issue then before the Court was the determination as to the issuance of a temporary injunction pending a final hearing. To have rendered a final judgment on the merits at the conclusion of a hearing on a temporary injunction would have been unauthorized. *Houston Belt & Terminal Railway Company v. Texas and New Orleans Railroad Company*, 155 Tex. 407, 289 S.W.2d 217 (1956). However, the record before us discloses that a trial on the merits was had after the parties had announced ready for trial and had waived a jury. No protest is reflected in the record and as far as can be seen the parties agreed to the final disposition on all issues before the Court at the February 10th hearing. The point is overruled as the rendition of an improper final judgment at that time has not been shown. *Travelers Insurance Company v. Brown*, 402 S.W.2d 500 (Tex.1966).

The plaintiff-Appellant complains in his second point that the trial Court erred in holding that the partnership agreement of November 26th was superseded by the

option to purchase agreement of December 9th. The trial Court in its finding of fact number 19 determined that the later option agreement superseded the partnership agreement. If any error, we fail to find where the Appellant was harmed by such a finding. The fact remains that the trial Court determined that the defendant Elliott properly exercised his option to purchase the entire business and thereby terminated the partnership. The error, if any, was harmless and did not cause the rendition of an improper judgment. Rule 434, Tex.R. Civ.P.

 The Appellant presents legal and factual insufficiency points regarding Elliott's exercise of his option to purchase the business. Mr. Elliott testified that he told the plaintiff during the Christmas holidays of 1974 and early in January, 1975, that he wished to purchase the business according to the option agreement of December 9th, and the parties then entered into a discussion whereby the Appellant would become Mr. Elliott's employee after the change-over in ownership. While Elliott admitted that he had not cancelled the $12,000.00 note given to him by the Appellant, he stated that this was because the Appellant was not performing his agreement to convey the business. We find that the evidence showed the exercise of the option by Mr. Elliott and his readiness and willingness to follow through with the physical transactions and paper work involved in the details of the transfer, but with a refusal as to the transfer on the part of the Appellant. In passing upon these points, we have complied with the rules set forth in *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965), and the points are overruled. The evidence was both factually and legally sufficient to sustain the pertinent findings of fact and conclusions of law of the trial Court.

 The Court by its judgment impressed a trust on the real estate where the business was located and in effect gave to the defendant a lease on the premises similar to the one originally held by the plaintiff. The plaintiff-Appellant complains that there is no evidence to show that the lease was a part of the assets of J C's Liquor Store. Contrary to the Appellant's position, we find evidence whereby the Appellant desired assurance from Mr. Elliott that after the exercise of the option the lease would be taken over by Elliott. Of importance was the action taken by the Appellant, after he refused to comply with the option to purchase, when he purchased the real estate from the original lessor and then reconveyed the property to his wife. This certainly implies his realization that the lease was a part of the business. Not only was the Court justified in finding that the lease was an asset of the business, but it was justified in piercing the attempted subterfuge and in impressing the lease on the premises.

We have considered all of the points urged by the Appellant and all points are overruled. In light of these points raised, the judgment of the trial Court is affirmed.