William S. DUNCAN, Appellant,

v.

DRIPPING SPRINGS INDEPENDENT SCHOOL DISTRICT et al., Appellees.

No. 13428.

Court of Civil Appeals of Texas, Austin.

Feb. 11, 1981.

Waggoner Carr and Ken E. Mackey, Austin, for appellant.

Doren R. Eskew, Eskew, Muir & Bednar, Austin, for appellees.

POWERS, Justice.

Appellant William S. Ducan brought suit in the 53rd Judicial District Court of Travis County, Texas, for a declaratory judgment that the 1980 *ad valorem* tax of the Dripping Springs Independent School District, appellee, is invalid. Appellant contends that the tax is invalid on three grounds: (1) it results from a rate calculated in reliance upon a tax roll approved in a meeting, if any was held, of the district's Board of Equalization that violated the Texas Open Meetings Act, Tex.Rev.Civ.Stat.Ann. art. 6252–17; (2) the purported meeting of the Board of Equalization lacked the formalities required by law for official action and its approval of the tax roll was therefore invalid; and (3) the tax rate set by the District's Board of Trustees was in the form of a resolution instead of in the form of an ordinance, as is required by statute. In his petition for a declaratory judgment, appellant also sought an order of the court permitting him to maintain his action as a class action under the provisions of Tex.R.Civ.P. 42.

Ancillary to his petition for a declaratory judgment, appellant applied to the district court for both a temporary injunction against the District's collection of its 1980 taxes, pending a final hearing, and a permanent injunction after final hearing, to the same effect. After hearing, the district court denied the appellant's application for temporary injunction, and from that order the appellant perfected an interlocutory appeal to this Court.

This Court issued an injunction to preserve our jurisdiction pending a determination of the interlocutory appeal on its merits. *Duncan, Relator v. Dripping Springs Independent School District, et al., Respondents,* 612 S.W.2d 644 (Tex.Civ.App.—Austin, 1981). Since appellant had not yet presented to the district court his request for a class certification, our order limited such injunctive relief solely to appellant and expressly excluded from its effect any action taken by the District to set and collect the taxes of any other taxpayer.[1]

Having now considered the interlocutory appeal taken by appellant from the order of the district court denying his application for a temporary injunction, we affirm the order of the district court and dissolve the injunction issued earlier by this Court.

Appellant raises credible questions of law regarding the validity of the proceedings by which the school district determined its 1980 tax rate and tax assessment. We may not, however, determine those questions at this preliminary stage of the lawsuit. *Davis v. Huey,* 571 S.W.2d 859 (Tex.1978). Our review is confined solely to whether the district court abused its discretion in denying appellant's application for temporary injunction to preserve the *status quo* pending trial on the merits. *Houston*

---

1. In oral argument on submission of the present cause, appellant argued that this Court erroneously limited its temporary injunction to protect only the appellant, leaving the school district free to exercise its taxing authority relative to other taxpayers in the District. He urged this Court, if it enjoins the school district from collecting its 1980 taxes pending a final hearing in the district court, to expand the scope of the writ to include the other taxpayers within its protection, though they are not parties to this lawsuit.

Our decision to affirm the district court order makes it unnecessary to reconsider the scope of the injunctive relief requested by appellant.

*Belt & T. Ry. Co. v. Texas & N.O.R.R.*, 155 Tex. 407, 289 S.W.2d 217 (1956); *Texas Foundries v. International Moulders & Foundry Workers' Union*, 151 Tex. 239, 248 S.W.2d 460 (1952). We cannot substitute our judgment for that of the trial court and must uphold the trial court's decision if the record on appeal contains any support for that decision. *Seaman v. Seaman*, 425 S.W.2d 339 (Tex.1968).

 There are no findings of fact or conclusions of law in the record on appeal. There was evidence adduced at the district court hearing on appellant's application for temporary injunction, from which the trial court could properly conclude that appellant failed to show that he would sustain irreparable injury if the writ did not issue. That evidence consisted of the following: Appellant attached to his application for temporary injunction and to his petition for declaratory judgment sworn copies of the approval of the 1980 tax roll, made by the Board of Equalization. Appellant contends that the approval is invalid, but the document shows on its face that his property was excluded from the Board's action in certifying its approval of the tax roll. Because his own property was excluded, appellant could not have been affected by the board's action or by the subsequent actions of the district tax assessor and Board of Trustees taken in reliance upon the certification of the Board of Equalization. Further, appellant's testimony at the hearing on temporary injunction shows without question that he had obtained in another lawsuit in Travis County, an injunction which presently prohibits the school district from collecting from him a 1980 *ad valorem* tax on his property, the same relief he seeks in this cause. Duncan also testified that he had paid his estimated 1980 tax into the registry of the court in the other lawsuit and that the school district had not levied a 1980 *ad valorem* tax against his property or otherwise violated the *other* injunction. He testified that the act of the Board of Equalization in certifying the 1980 tax rolls did not affect him in any way because he was excluded from its effect. There was ample evidence from which the district court could

conclude that another injunction, to the same effect as the former, was not required to protect the appellant from irreparable injury.

We affirm the order of the district court.