**The PERMIAN CORPORATION, Appellant,**

v.

**Perry D. PICKETT and Walter R. Davis, Appellees.**

**No. 7116.**

Court of Civil Appeals of Texas, El Paso.

Aug. 12, 1981.

Rehearing Denied Sept. 9, 1981.

Liddell, Sapp, Zivley, Brown & LaBoon, Glen E. Clover, Jess H. Hall, Jr., Tom Bayko, Lyman Paden, Houston, for appellant.

Bullock, Scott & Neisig, Maurice R. Bullock, Stubbeman, McRae, Sealy, Laughlin & Browder, William B. Browder, Jr., Jimmie D. Oglesby, Midland, Cantey, Hanger, Gooch, Munn & Collins, Cecil E. Munn, Sloan B. Blair, Ralph H. Duggins, III, Fort Worth, for appellees.

## OPINION

OSBORN, Justice.

This case presents the question of whether a retired district judge, who has consented to be subject to assignment, may be assigned by a presiding judge of an administrative judicial district to hear a case in a particular district court where the regular judge of such court is not disabled or disqualified, and is present and trying other cases.

For more than twenty-five years, the Honorable Perry D. Pickett was the District Judge of the 142nd Judicial District Court in Midland County. Having decided to retire, he was not a candidate for re-election in 1980, and his term of office expired on December 31, 1980. The Honorable Pat M. Baskin was duly elected to succeed Judge Pickett, and he became the Judge of the 142nd Judicial District Court on January 1, 1981.

In January, 1977, Governor Dolph Briscoe appointed Perry D. Pickett to the position of Presiding Judge of the 7th Administrative Judicial District of Texas. On January 9, 1981, an order was signed by both Perry D. Pickett as Presiding Judge of the 7th Administrative Judicial District and Pat M. Baskin, as Presiding Judge of the 142nd Judicial District Court in which Perry D.

Pickett was assigned to hear Cause No. B–29,021 styled *W. R. Davis, et al., v. The Permian Corporation*, in the 142nd Judicial District Court. That order recites:

Prior to his recent retirement Judge Pickett conducted numerous hearings, decided many points of law and otherwise familiarized himself in general and in detail with Case No. B–29,021 now pending in the 142nd Judicial District Court styled *W. R. Davis*, for himself and on behalf of the Class comprised of all sellers of crude oil to *The Permian Corporation v[s]. The Permian Corporation.* It is apparent that that action is a complex case which will require a disproportionate amount of continuing study and supervision by the judge presiding over it.

Both of the undersigned judges having examined the files in the case are of the opinion and find that it would be in the interest of justice for Judge Pickett to assist Judge Baskin by continuing as the judge presiding over that action.

There is no dispute concerning Judge Pickett's consent to be subject to assignment, and his continuing to serve as Presiding Judge of the 7th Administrative Judicial District on January 9, 1981, when he assigned himself to the case against The Permian Corporation.

Permian decided to contest this assignment, and filed a suit for declaratory judgment and injunctive relief, asserting that the order was void. An order was entered setting Permian's application for temporary injunction, and the Honorable Ken Spencer, Judge of the 109th Judicial District Court presided at the hearing. He concluded that Judge Pickett was qualified to serve and denied Permian "the injunctive relief sought," which all parties seemed to agree includes both the temporary and permanent injunction.

Article 5, Section 11, of the Texas Constitution contains provisions for district judges to hold court for each other. The second paragraph of that section provides, in part:

And the District Judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law.

In *Floyd v. State*, 488 S.W.2d 830 (Tex.Cr. App.1972), the Court noted that the expression "whenever they deem it expedient" confers on district judges broad discretionary powers to exchange benches, or hold court for each other, which is reviewable only if an abuse of discretion has occurred.

Article 200a, Section 5, Tex.Rev.Civ.Stat. Ann., provides:

Sec. 5. Judges may be assigned in the manner herein provided for the holding of District Court when the regular Judge thereof is absent or is from any cause disabled or disqualified from presiding, and in instances where the regular District Judge is present or himself trying cases where authorized or permitted by the Constitution and laws of the State; and Judges may also be assigned in the manner herein provided for the holding of a District Court, when by reason of the death, resignation, or from any cause whatsoever, the office of District Judge of the District is or has become vacant.

This statute in effect provides for the assignment of another judge (1) when the regular judge is absent, disabled or disqualified; (2) when the regular judge is present and another judge is authorized; and (3) when the office of district judge has become vacant. In this case, we are concerned exclusively with the second provision.

The assignment order reflects that the presiding judge and the regular judge have concluded that it would be expedient for Perry D. Pickett to hear this case, and such determination comes within the authority granted in Article 5, Section 11, of the Texas Constitution. In addition, Article 6228b, Section 7A(a), provides that any person who has retired under the provisions of the Judicial Retirement Act and who within ninety days accepts an appointment by a Presiding Judge of an Administrative Judicial District shall continue as a judicial officer and be subject to assignment to sit in any court of this State of the same dignity as that from which he retired. *See: Werlein v. Calvert*, 460 S.W.2d 398 (Tex.1970).

Thus, the assignment provided for in Article 200a, Section 5, Tex.Rev.Civ.Stat.Ann., when authorized by the Constitution and laws of the State, is in fact authorized by Article 5, Section 11, of the Texas Constitution and Article 6228b, Section 7A(a), of the statutes of this State.

In *Peach v. State*, 498 S.W.2d 192 (Tex.Cr.App.1973), the Court held that a retired judge who had elected to continue in a judicial capacity is a "district judge." That holding was followed in *Crawford v. State*, 509 S.W.2d 582 (Tex.Cr.App.1974); *also see: Buchanan v. State*, 471 S.W.2d 401 (Tex.Cr.App.1971). Following those cases, we conclude that "District Judges" as used in that part of Article 5, Section 11, of the Texas Constitution, as quoted above, includes retired district judges who have timely agreed to accept assignments. In this case, Perry D. Pickett is a "District Judge" who may hold court for another district judge when they may deem it expedient. There is no prohibition against two or more judges trying different cases in the same court at the same time, each occupying a different courtroom. *Reed v. State*, 500 S.W.2d 137 (Tex.Cr.App.1973); *Zamora v. State*, 508 S.W.2d 819 (Tex.Cr.App.1974). The Appellant's Points of Error Seven and Eight are overruled.

We have considered those points which complain about the failure of the trial Court to permit Appellant the right to present evidence and find no error. Counsel for Permian called Perry D. Pickett as a witness and questioned him, and then announced that he had no further questions of the witness. No effort was made to call another witness. We can only conclude Permian presented such evidence as it desired the Court to hear. Points of Errors One and Three are overruled.

We also find that, under the record before us, there was no error in the trial Court's failure to file additional findings of fact or conclusions of law. Points of Errors Four, Five and Six are overruled.

The second point of error contends the trial Court erred in entering a final judgment denying the declaratory relief and permanent injunction sought by Permian. The order setting the hearing recites that "Permian's application for temporary injunction" was set for hearing at the time and on the date specified in the order. Counsel's opening statement indicated that they were asking for "a temporary injunction so we could have the statue quo pending until we have a final hearing on the case." It is well settled that a hearing on an application for temporary injunction is not a substitute for, nor does it serve the same purpose as, a hearing on the merits. *Southwest Weather Research, Inc. v. Jones*, 160 Tex. 104, 327 S.W.2d 417 (1959). In a case such as this, it is suggested that the Court should by notice to all parties advance the trial on the merits, have no hearing for a temporary injunction, and thereby eliminate a need for two hearings and two appeals. *Crawford Energy, Inc. v. Texas Industries, Inc.*, 541 S.W.2d 463 (Tex.Civ. App.—Dallas 1976, no writ). Because of the error of the Court in disposing of the case on the merits at a hearing on a temporary injunction, we are compelled to reverse and remand for a final hearing. *Houston Belt & Terminal Railway Company v. Texas and New Orleans Railroad Company*, 155 Tex. 407, 289 S.W.2d 217 (1956). Point of Error Two is sustained.

The judgment of the trial Court denying a temporary injunction is affirmed, and the case is reversed and remanded for a hearing on the request for a permanent injunction.

STEPHEN F. PRESLAR, C. J., not sitting.