TATE, Circuit Judge:
 

 This appeal arises out of consolidated bankruptcy proceedings of two related corporations, Wellington Resources Corporation and Whitehall Mining Company, Inc.
 
 *535
 
 (“the debtors”). The State of Texas filed an application to release certain property of the debtor corporations over which it had exercised jurisdiction prior to the bankruptcy proceedings through institution of a securities fraud case enjoining any disposition of these assets, based partly upon allegations that the property at issue had been acquired through fraudulent practices. The bankruptcy court denied the application, after an evidentiary hearing, in which it determined that the subject assets were not acquired by the debtor corporations through fraud. The State of Texas (“Texas”) appeals from the district court’s affirmance of the bankruptcy court’s decision. 23 B.R. 596 (Bankr.1982).
 

 On its appeal, Texas raises only issues of law. It contests the jurisdiction and propriety of the bankruptcy court in holding an evidentiary hearing on the fraud issue. (The hearing resulted in the bankruptcy court’s determination that the disputed assets were part of the bankrupts’ estates and were not subject to a constructive trust in favor of the allegedly defrauded investors, as Texas contends, since the debtors had not obtained them fraudulently-
 
 [1]
 
 )
 

 On appeal, Texas argues that the bankruptcy court should have abstained from conducting an evidentiary hearing and awaited the outcome of state court proceedings concerning the defendant debtors’ allegedly fraudulent securities activities. It also contends that the bankruptcy court should have accorded deference or collateral estoppel effect to state court findings of fraud in a prior temporary restraining order hearing. Finding no error, we affirm.
 

 The Context Facts
 

 This case arises out of state court proceedings brought by the state alleging that the debtors and others violated the Texas Securities Act. The day after Texas sought a temporary restraining order (TRO) forbidding the debtors’ use of the subject assets, the two debtor corporations filed individual voluntary petitions for Chapter XI relief in bankruptcy, 11 U.S.C. § 501
 
 et seq.
 
 (1978). The state court subsequently granted the TRO against the defendant debtors, finding after hearing that they had engaged in fraud; it also enjoined, inter alia, their disposition of assets.
 

 The bankruptcy court meanwhile refused the motion to remove the entire action made by one of the defendant companies, but retained jurisdiction over the assets of both the defendants’ estates in accordance with 28 U.S.C. § 1471(e).
 
 [2]
 
 (A related appeal in this court concerns the validity of certain orders of the bankruptcy court entered in connection with these removal proceedings.)
 

 While continuing to assert that the bankruptcy court did not have jurisdiction over the defendants’ assets, the state asked the bankruptcy court to rule as a matter of law, based on facts adduced in the prior state TRO hearing, that the contested assets were to be held in constructive trust for the victims of the defendants’ alleged fraud and thus were not part of the defendants’ estate in bankruptcy. 11 U.S.C. § 541(d).
 
 [3]
 
 
 *536
 
 The bankruptcy court conducted its own evidentiary hearing on the issue of the defendants’ fraud, in which the . state chose not to appear. The bankruptcy court found, contrary to the findings by the state court under the evidence produced for the TRO hearing, that under the evidence before it the two defendant companies were not guilty of fraud.
 

 Issues
 

 On this appeal, the plaintiff Texas argues: (1) that the bankruptcy court should have abstained, as a matter of federal-state comity, from conducting a hearing on the issue of fraud, which was the subject of previously filed and concurrent state proceedings; and (2) that the bankruptcy court, in reaching any determinations based on the existence of fraud, should have given binding effect to the state court’s factfind-ings in the prior TRO hearing.
 

 As to (1), the state urges that the bankruptcy court should have abstained from independent factfindings on the issue of fraud because this decision by a federal court interferes with pending state judicial proceedings on the securities violations, citing
 
 Younger v. Harris,
 
 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Preliminarily, we note that, while the determination of whether the property was subject to a constructive trust is by state law, the issue of whether the property was indeed so impressed was properly determined as a federal bankruptcy issue by the bankruptcy court, with exclusive jurisdiction over the bankrupts’ assets, 28 U.S.C. § 1471(e) (quoted in note 2
 
 supra),
 
 under the bankruptcy statutory law then in effect.
 
 [4]
 
 Thus, insofar as determining whether the assets were part of the bankrupts’ estates or not, the bankruptcy court in the exercise of exclusive federal jurisdiction to determine the issue, did not impermissibly interfere with the pending state judicial proceedings. And the bankruptcy court’s orders explicitly did not attempt to enjoin Texas’ prosecution of its suit to enforce the state securities regulation or to prevent enforcement of state regulations, so no
 
 Younger
 
 abstention issue is arguably presented.
 
 Cf. Younger,
 
 401 U.S. at 51-56, 91 S.Ct. at 754-55.
 

 As to contention (2), we also reject Texas’ argument that the bankruptcy court should have accorded deference to the state findings of fact regarding the defendants’ fraud in the state TRO hearings rather than have conducted an independent hearing on that factual issue. Res judicata as to future claims or collateral estoppel as to
 
 *537
 
 particular factual issues may not be invoked unless a
 
 final
 
 judgment based on adjudication of facts has occurred.
 
 See Gresham Park Community Organization v. Howell,
 
 652 F.2d 1227, 124-42 (5th Cir.1981);
 
 United States v. Burch,
 
 294 F.2d 1, 5-6 (5th Cir.1961).
 
 See generally
 
 IB Moore’s Federal Practice ¶ 0.443[4], at 3916 (1982).
 

 The temporary restraining order issued by the state court in this case did not have the effect, under applicable Texas jurisprudence, of resolving with finality the factual issues addressed by the bankruptcy court’s evidentiary hearing and factfind-ings. Texas law does not require that pre-clusive effect be given the factfindings made in temporary restraining orders or preliminary injunctions. Hearings on these nonpermanent injunctions do not serve the same purpose as a hearing on the merits; they only preserve the status quo awaiting resolution of the merits.
 
 See, e.g, Houston Bolt & Terminal Railway v. Texas & New Orleans Railroad,
 
 155 Tex. 407, 289 S.W.2d 217, 219 (Tex.1956);
 
 Permian Corporation v. Pickett,
 
 620 S.W.2d 878, 881 (Tex.Civ.App.1981). The “merits of the underlying case” are not at issue on appellate review of whether a temporary injunction was properly issued, and a court subsequently determining issues concerning the subject matter of the temporary injunction hearing “will not assume that the evidence taken at a preliminary hearing will be the same as the evidence developed at a full trial on the merits.”
 
 Davis v. Huey,
 
 571 S.W.2d 859, 861, 862 (Tex.1978),
 
 modified on other grounds,
 
 620 S.W.2d 561 (Tex.1981).
 

 The findings that resulted from the prior state TRO hearing, therefore, did not prevent the bankruptcy court from independently hearing evidence and making contrary factual determinations in a related matter.
 

 The plaintiff further suggests that the federal court could give greater “credit”, or collateral estoppel effect, to the state court order than, presumably, would the Texas courts or than the federal court would otherwise give to federal temporary injunctions. In the case cited to by the plaintiff state,
 
 Gresham Park Community Organization v. Howell, supra,
 
 652 F.2d 1227, 1243 (5th Cir.1981), this court considered instances where the federal court could exercise federal common law principles of res judicata and collateral estoppel involving state court orders that would not be final according to that state’s rules governing effect of judgments. The
 
 Gresham
 
 court did not give preclusive effect to a state court permanent injunction involved in that case, however; it concluded that “[a]n order in a pending [state] case should only be considered final for purposes of preclusion where it is substantially certain that subsequent [state] proceedings will not affect it.” In the present case, as we above noted, the state court proceedings on the merits may result in different factfindings or outcome. The prior TRO hearing thus is not determinative of the factual issues addressed by the bankruptcy court.
 
 [5]
 

 Conclusion
 

 Because we find that the bankruptcy court did not need to abstain or give collateral estoppel effect to prior state court determinations, we AFFIRM the judgment appealed from.
 

 AFFIRMED.
 

 [1]
 

 . The state does not, however, contest on this appeal the bankruptcy court’s factual finding on the evidence presented to
 
 it
 
 — if the bankruptcy court could properly make such determination that the debtor corporations did not obtain the property fraudulently by material misrepresentations made in bad faith, even though the debtors’ conduct may have violated Texas securities regulations; and, indeed, this factual finding is not clearly erroneous, under the evidence presented at the bankruptcy court’s hearing.
 

 [2]
 

 . 28 U.S.C. § 1471(e) provides:
 

 The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case.
 

 [3]
 

 .Section 541(d) provides in pertinent part:
 

 Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, ... [becomes] property of the estate ... only to the extent of the debtor’s legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.
 

 The state argued to the bankruptcy court that because it had established the facts of the defendants’ fraud in the TRO hearing, the equi
 
 *536
 
 table title to the involved assets constituting the defendants’ estates in bankruptcy was to be held in a constructive trust for the victims. See
 
 Horton v. Harris,
 
 610 S.W.2d 819, 822 (Tex.Civ.App.1981). Under § 541(d), it is argued, property subject to such a constructive trust would not be part of the debtors’ estates or within bankruptcy court jurisdiction.
 

 [4]
 

 . See
 
 In re State of Missouri,
 
 7 B.R. 974, (E.D.Ark.1980):
 

 The estate created is composed of “all legal or equitable interests of the debtor in property as of the commencement of the case.” 11 U.S.C. § 541(a)(1). The legislative history of the Bankruptcy Code demonstrates that the scope of Section 541 was intended to be extremely broad.
 
 See:
 
 H.R.Rep. No. 595, 95th Cong. 1st Sess. 367, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5963 (1977).
 

 Title 28 U.S.C. § 1471(e) provides:
 

 “The bankruptcy court shall have exclusive jurisdiction over all the property of a debtor wherever located of all legal and equitable interests of the debtor in property at the commencement of the case.”
 

 [2] While the interest of a debtor in property is determined by State law, the question whether such property is property of the debtor’s estate is a federal question to be resolved under the Bankruptcy Code. 4 Collier on Bankruptcy, ¶ 541.02 (15 Ed.1979);
 
 See:
 
 H.R.Rep. No. 95-989, 95th Cong., 2d Sess. 367-68 (1977); S.Rep. No. 95-989, 95th Cong., 2d Sess. 82-84 (1978) U.S.Code Cong. & Admin.News 1978, pp. 5787; 11 U.S.C. § 541; Rule 701 of the Bankruptcy Rules.
 

 See
 
 also
 
 11 U.S.C. § 105, which authorizes the Court to issue “any order, process, or judgment that is necessary or appropriate to carry out the provisions” of the Bankruptcy Code.
 

 7 B.R. at 980.
 

 In the cited decision, the State of Missouri sought to interpose its police and regulatory powers over grain in public warehouses that had filed in bankruptcy, on behalf of farmers who had deposited the grain. Many of the same issues now raised by Texas were rejected as urged by the state petitioner in that case.
 

 [5]
 

 . The state expresses concern about the collateral estoppel effect the state court in subsequent state proceedings will give to the bankruptcy court’s factfindings.
 
 See Seven Elves Inc. v. Eskenaz,
 
 704 F.2d 241, 245 (5th Cir.1983) (bankruptcy court’s factfinding in discharge of debt by debtor in bankruptcy court determined to have collateral estoppel effect in a Texas tort case). This is of course a matter of Texas law of judgments; we do not express any view as to whether or not the findings of fact the bankruptcy court made regarding the defendants’ lack of fraud for purposes of equitable ownership of assets would satisfy the Texas procedural requirements for collateral estoppel.