

# The Attorney General of Texas

April 14, 1986

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable John B. Holmes, Jr.
District Attorney
201 Fannin, Suite 200
Houston, Texas    77002

Opinion No. JM-474

Re: Authority of the presiding judge of an administrative judicial region to make judicial assignments in Harris County

Dear Mr. Holmes:

You ask the opinion of this office concerning the authority of the chief justice and the presiding judge of the administrative judicial region to assign judges to try cases and dispose of accumulated business in the district courts in Harris County. It is our opinion that the provisions of the Court Administration Act, codified as article 200a-1, V.T.C.S., govern the assignment of judges for the trial of cases and disposition of pending litigation in the district courts in any county, including Harris County.

Historically, article 200a, V.T.C.S., governed the administration of the district courts of the state, including the administrative judicial districts, the presiding judges of such districts, and the assignment of regular district judges and certain retired and former district judges to preside in the district courts of the state. The Texas courts had held that

> [t]here is no prohibition against two or more judges trying different cases in the same court at the same time, each occupying a different courtroom.

Permian Corp. v. Pickett, 620 S.W.2d 878, 881 (Tex. Civ. App. - El Paso 1981, writ ref'd n.r.e.). Hence, a judge may be authorized by assignment to sit as judge of a district court when the regular district judge is also present and trying another case at the same time, with each occupying a separate courtroom. See Zamara v. State, 508 S.W.2d 819, 823 (Tex. Crim. App. 1974); Reed v. State, 500 S.W.2d 137, 138 (Tex. Crim. App. 1973).

Prior to the enactment of the judicial title of the Government Code, the legislature in 1983 amended article 200a by adding section 5f to read as follows:

Sec. 5f. Notwithstanding any other provision of this Act, neither the chief justice nor the presiding judge of the administrative judicial district in which Harris County is located may assign a judge to a court in Harris County if the regular district judge is present or trying cases unless the assignment is for the regular docket of the:

(1) presiding administrative judge and the judge is present attending to administrative duties; or

(2) presiding judge of a court created by the legislature and the judge is trying a capital murder case.

See Acts 1983, 68th Leg., ch. 889, §26, at 4975. Additionally, section 27 of the same act, which did not amend article 200a but was enacted as original legislation, provided that

[t]he district courts in Harris County may not sit in more than one location. The courts may not establish an annex or branch court.

The judicial title of the Government Code is a nonsubstantive recodification of the statutes relating to the judiciary which was passed by chapter 480 of the Sixty-ninth Legislature on May 17, 1985. Chapter 480 expressly repealed all of article 200a as part of the recodification. The provisions of article 200a relating to the assignment of judges to district courts which are pertinent to your inquiry were recodified in the Government Code without change in sections 74.031-74.034 (general provisions for assignment of judges to district courts) and section 74.061 (prohibiting assignment in Harris County if regular district judge is present and trying cases).

The Code Construction Act, recodified as chapter 311 of the Government Code, provides that "if any provision of a code conflicts with a statute enacted by the same legislature that enacted the code, the statute controls." Sec. 311.031(d). Accordingly, it is our opinion that the assignment of judges to the district courts as authorized without restriction by sections 4.016, 4.017, and 5.002 of the Court Administration Act is applicable in all counties, including Harris County, and that the limitation on assignment to Harris County in section 74.061 of the Government Code was repealed by the legislature.

Subsequent to the enactment of the judicial title of the Government Code, the same session of the legislature, on May 27, 1985,

passed chapter 732, which is known and cited as the Court Administration Act.  Sec. 8.001.  While many, but not all, of the provisions in article 200a are retained in chapter 4 of the Court Administration Act, the act repealed all of article 200a and enacted in its place a new and more comprehensive act for the administration of the courts that comprise the judicial system of this state.  For instance, chapter 5 provides for a local administrative judge in each county and for local rules of administration adopted by the district and statutory county court judges in each county.  Chapter 6 provides for a court coordinator system.

Sections 4.016 and 4.017 of the Court Administration Act contain general provisions that are applicable in all counties.  Section 4.016 provides:

> (a)  Under rules prescribed by the council of judges, a presiding judge from time to time shall assign the judges of the administrative region to hold special or regular terms of court in any county of the administrative region to try cases and dispose of accumulated business.  The assignment may be made during or after the consultation concerning the state of the business of the courts at a meeting of the judges of the administrative region and with or without an additional meeting of the judges.

> (b)  The presiding judge of one administrative region may request the presiding judge of another administrative region to furnish judges to aid in the disposition of litigation pending in a county in the administrative region of the presiding judge who makes the request.

Section 4.017 provides:

> (a)  In addition to the assignment of judges by the presiding judges as authorized by this chapter, the chief justice may assign judges of one or more administrative regions for service in other administrative regions when he considers the assignment necessary for the prompt and efficient administration of justice.

> (b)  A judge assigned by the chief justice shall perform the same duties and functions authorized by this chapter that the judge would perform if he were assigned by the presiding judge.

In addition, section 5.0C2 of that act provides that each local administrative judge, among other things, shall recommend to the regional presiding judge any need for assignment from outside the county to dispose of court case loads.

The exception applicable to Harris County in section 5f of article 200a, limiting the assignment of judges, is not included by the legislature in the Court Administration Act. The dominant consideration in construing statutes is legislative intent. See City of Sherman v. Public Utility Commission, 643 S.W.2d 681, 684 (Tex. 1983). The legislature expressly repealed section 5f of article 200a again without enacting the provisions of section 5f of article 200a in the Court Administration Act. Additionally, a law not expressly repealed may be repealed by implication. In our opinion, the Court Administration Act repealed inconsistent provisions incorporated in the new Government Code. The Texas Supreme Court has held that where a later enactment is intended to embrace all the law on the subject with which it deals, it repeals all former laws relating to the same subject.

> Under this rule, a statute that covers the subject matter of a former law and is evidently intended as a substitute for it, although containing no express words to that effect, operates as a repeal of the former law to the extent that its provisions are revised and its field freshly covered. Accordingly, parts of the original Act that are omitted from the new legislation are to be considered as annulled. If the later act is clearly intended to prescribe the only rules which should govern, it repeals the prior statute, although the two are not repugnant in their provisions.

Motor Inv. Co. v. City of Hamlin, 179 S.W.2d 278, 281 (Tex. 1944). See also McInnis v. State, 603 S.W.2d 179, 183 (Tex. 1980); Gordon v. Lake, 356 S.W.2d 138, 139 (Tex. 1962).

Section 1 of chapter 732, which enacted the Court Administration Act, is a declaration of policy by the legislature that states, among other things, that "it is the policy of this state that the administration of justice shall be prompt and efficient" and

> it is the further intent of the legislature that the administration of trial courts in this state be improved in order to provide all citizens of this state a prompt, efficient, and just hearing and disposition of all disputes before the various courts, and that all district and statutory county

courts adopt rules of administration as provided by this Act.

We believe that the legislature intends the Court Administration Act to control all the law on the subject with which it deals, including the assignment of judges for the trial of cases and disposition of pending litigation in the district courts of this state.

### S U M M A R Y

The assignment of judges to the district courts as authorized without restrictions by the Court Administration Act is applicable in all counties, including Harris County. The limitation on assignment to Harris County in section 74.061 of the Government Code was repealed by the legislature.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General